Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

STATE OF RHODE ISLAND        SUPERIOR COURT
PROVIDENCE, SC

KEVIN MATHEWS
MARYANN MATHEWS

      VS                         C.A. NO.: PC-2015-1864

WELLS FARGO BANK, NA, ALIAS
AND JOHN DOE, ALIAS AND
ORLANS MORAN PLLC

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT,  VIOLATION OF THE REAL ESTATE SETTLEMENT AND PROCEDURES ACT, VIOLATION OF REGULATION X AND Z, VIOLATION OF THE TRUTH IN LENDING ACT, ATTORNEY FEES AND INJUNCTIVE RELIEF**

Plaintiffs, by their attorney, complain of Defendants as follows:

1.    Plaintiffs are residents of State of Rhode Island with an address of 51-53 Outlook Avenue, East Providence, Rhode Island.  Plaintiffs own and reside at said real estate located at 51-53 Outlook Avenue, East Providence, Rhode Island.

2.    Plaintiffs executed a mortgage to World Savings Bank, FSB on June 25, 2007.

3.    Defendant, Wells Fargo Bank, N.A. ("Wells Fargo") claims to own Plaintiffs' mortgage.  Wells Fargo Bank, N.A. is a national bank.  It is a debt collector and asserts that it is the loan servicer for Plaintiffs' mortgage. Defendant John Doe, is any other entity which owns Plaintiffs' mortgage.

4.    Defendant, Orlans Morgan, PLLC ("Orlans"), is a Professional Corporation organized under the laws of Michigan.

5.    The law firm of Orlans Moran ("Orlans") on April 17, 2015, claiming to be acting on behalf of Wells Fargo scheduled a foreclosure sale for Plaintiffs' home on June 8, 2015 at 10:00 A.M.  This Notice was sent to

1

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

Plaintiffs along with an addendum pursuant to the provisions of RIGL 34-27-4(d).

6.    The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

7.    All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

8.    This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statutes:

a.    The provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(k) grant the Court jurisdiction over violations of that Act as alleged in this complaint.

b.    The provisions of the Truth In Lending Act ("TILA") 15 U.S.C. § 1641(f) grant this Court jurisdiction and grant the Plaintiff the right to a private right of action for violations of TILA.

c.    The provisions of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. 2605 et seq., grant this Court jurisdiction and grant the Plaintiff the right to a private right of action for violations of RESPA and Regulation X.

9.    Pursuant to RIGL 34-27-3.2, any foreclosure notice, commenced by a notice pursuant to RIGL 34-27-4(d), after October 6, 2014, which does not contain a Notice of Mediation, would be void.

10.    Plaintiffs never received a notice of mediation pursuant to the provisions of RIGL 34-27-3.2 from Wells Fargo or their attorney in conjunction with this foreclosure.

11.    Orlans, on behalf of Wells Fargo published two advertisements of a foreclosure sale of Plaintiffs' home in the Providence Journal.

12.    The failure of the Defendant to comply with RIGL 34-27-3.2 renders any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the statutory ability to conduct this foreclosure.

2

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

13.   Plaintiffs live in this property, as Plaintiffs' principal residence.

14.   Such relief sought by Plaintiffs will not disserve the public interest if imposed.

15.   On or about May 15, 2015, Orlans and Wells Fargo were aware that Justice Van Couyghen of the Rhode Island Superior Court had issued a Decision which granted a preliminary Injunction as to a number of cases, in which no mediation notice had been provided to the Plaintiffs.

16.   Orlans and Wells Fargo, through their counsel, had been made aware of this decision and were aware that the Court had granted more than twenty (20) Restraining Orders prior to April 8, 2015.

17.   Despite knowledge of this decision and knowledge of the provisions of R.I.G.L. 34-27-3.2, which clearly mandated mediation of all owner occupied mortgage loans of four units or less, regardless of the number of days the mortgagor was in default, Wells Fargo and Harmon decided to continue their actions to foreclose on Plaintiffs' property, by running an advertisement in the Providence Journal after May 15, 2015 and refusing to cancel the foreclosure sale.

18.   As a result the Plaintiffs filed a complaint seeking a temporary Restraining Order, which was granted on May 6, 2015.

19.   Plaintiffs have incurred actual damages as the result of the conduct of the Defendants in not complying with the provisions of RIGL 34-27-3.2. Plaintiffs' mortgage loan account has been charged legal fees and expenses for postage and advertising for a foreclosure sale without providing for mediation as required.

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY ORLANS AND WELLS FARGO

20.   Paragraphs 1-19 are incorporated by reference.

21.   Wells Fargo is a debt collector as defined by 15 U.S.C. § 1692 et seq.

3

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

22.    The originator of Plaintiffs' loan was World Savings Bank.

23.    After origination, Plaintiffs' loan was sold to an unknown entity as indicated by Exhibit A.

24.    This exhibit indicates that the note was endorsed.

25.    Thus at the time this loan was obtained by Wells Fargo, it was treated by Wells Fargo as it was in default.

26.    Wells Fargo regularly collects debts for other entities.

27.    As a result, Wells Fargo was a debt collector pursuant to the provisions of 15 USC 1692.

28.    Orlans regularly collects debts for other entities.  In fact it regularly references itself as a Debt Collector.  The vast majority of the business of Orlans is as a Debt Collector.

29.    Wells Fargo and Orlans, since September 1, 2014 has committed several violations of the FDCPA and is liable to the Plaintiffs for compensatory damages, statutory damages, and attorney fees and costs for violations.

30.    Wells Fargo and Orlans have used multiple followings unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiff.

31.    In violation of the FDCPA, representatives of Wells Fargo contacted the Plaintiffs on the following occasions in order to collect a debt, since September 1, 2014 despite knowing that they were represented by an attorney during this time. These contacts in the form of letters were each violations of the provisions of    15 U.S.C. §1692(b)(6).These contacts occurred in the form of letters sent to the Plaintiff by Wells Fargo  and Harmon on the following dates:

May 28, 2014
December 3, 2014

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

32.    Wells Fargo and Orlans have threatened to commence a non-judicial foreclosure to effect dispossession of the Plaintiffs of their property even though pursuant to RIGL 34-27-3.2, Wells Fargo lacked the present right to possession of the property claimed as collateral through an enforceable security interest. Specifically, they committed the following violations in this regard:

a.    On about April 17, 2015, Wells Fargo had sent, through its attorney Orlans, four Notices of Foreclosure to Plaintiffs. Two of these were sent by certified mail and two were sent by regular mail. This notice purported to schedule a foreclosure sale of the plaintiff's property, even though it had no contractual or statutory ability to conduct such a sale.

b.    Wells Fargo and Orlans have caused the publication of two foreclosure advertisements of a foreclosure sale of Plaintiffs' home, which were published in the Providence Journal.

c.    Wells Fargo and Orlans hired and authorized an auctioneer to appear at the Plaintiff's home on June 8, 2015 to conduct a foreclosure sale.

33.    The facts alleged in this complaint establish that Wells Fargo violated 15 U.S.C. 1692e by use false deceptive or misleading representations or means in connection with the collection of any debt. It specifically violated subsection (2) on various occasions by making a false representation regarding the amount of the debt owed by the Plaintiffs on the following occasions:

September 30, 2014
October 30, 2014
December 1, 2014
December 30, 2014
January 30, 2015
March 2, 2015
March 30, 2015
April 30, 2015
June 1, 2015
June 30, 2015

5

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

34. The facts alleged in this complaint establish that Wells Fargo and Orlans by threatening to foreclose on Plaintiffs' property violated 15 USC 1692(e)5 by making a threat to take an action that could not be legally taken. They could not foreclose without providing mediation in violation of R.I.G.L 34-27-3.2.

35. Each action of Wells Fargo and Orlans described above constitutes a separate violation of the FDCPA for which Wells Fargo and Harmon are liable.

36. The purported foreclosure action and all actions to seek to foreclose on the property have occurred within one year of the filing of this complaint.

37. The Plaintiffs have incurred actual damages in regard to this action:

a. They have incurred costs for gasoline to visit their attorney on at least five occasions, driving to their attorney's office for a round trip totaling 9.2 miles. The IRS standard mileage allowance provides for .56 per mile.

b. They have incurred attorney fees and costs for the prosecution of this action and seeking a Temporary Restraining Order to cancel the foreclosure. Their fee agreement with their attorney provides that they will be responsible for legal fees expenses incurred in regard to this action. They have agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

WHEREFORE, Plaintiffs demands that this Court grant them the following relief:

a. Judgment against Wells Fargo and Orlans for actual damages, and statutory damages of $1,000.00 for each violation of the FDCPA.

b. Judgment against Wells Fargo and Orlans for legal fees and costs.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

c.    All other just and proper relief.

MARYANN MATHEWS
KEVIN MATHEWS

September 2, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ., #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230

## COUNT II

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY DEFENDANT'S FAILURE TO SEND THE PLAINTIFF A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 and 15 U.S.C. 1638**

38.    Paragraphs 1-37 are incorporated by reference.

39    This is an action for damages brought by the Plaintiffs, who are consumers for Wells Fargo's violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

40.    Specifically, Plaintiffs seek the remedies provided in TILA for Defendants' failure to send the Plaintiffs monthly mortgage statements as required by 15 U.S.C. §§ 1638 and 12 C.F.R. 1026.41 respectively.

41.    This Court has jurisdiction pursuant to 15 U.S.C. §1640 to provide private remedies for failure to respond to provide a borrower monthly statements. 15 U.S.C. § 1640 provides for statutory damages of the type alleged in this Complaint to a range of not less than $400.00 nor greater than $4,000.00. Jurisdiction is further conferred on this Court by 15 U.S.C. §1640(e).

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

42.     The Defendant, Wells Fargo is a National Bank that services residential mortgage loans.  Wells Fargo is the servicer of the mortgage loan, which is the subject of this complaint. Wells Fargo is a National Bank existing under the laws of the United States, which has a headquarters located at Sioux Falls, South Dakota.

43.     Defendant, John Doe is the entity which claims to own and hold the Plaintiff's note and mortgage.

44.     The mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

45.     Plaintiffs have not been sent a monthly statement in compliance with 12 C.F.R. 1026.41 since September 1, 2014.

46.     Pursuant to 12 C.F.R. 1026.41, Wells Fargo was required to send the Plaintiffs a monthly mortgage statement that provide the following information:

**(d)** *Content and layout of the periodic statement.*  The periodic statement required by this section shall include:
**(1)** *Amount due.*  Grouped together in close proximity to each other and located at the top of the first page of the statement:
**(i)** The payment due date;
**(ii)** The amount of any late payment fee, and the date on which that fee will be imposed if payment has not been received; and
**(iii)** The amount due, shown more prominently than other disclosures on the page and, if the transaction has multiple payment options, the amount due under each of the payment options.
**(2)** *Explanation of amount due.*  The following items, grouped together in close proximity to each other and located on the first page of the statement:
**(i)** The monthly payment amount, including a breakdown showing how much, if any, will be applied to principal, interest, and escrow and, if a mortgage loan has multiple payment options, a breakdown of each of the payment options along with information on whether the principal balance will increase, decrease, or stay the same for each option listed;
**(ii)** The total sum of any fees or charges imposed since the last statement; and
**(iii)** Any payment amount past due.

8

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**(3)** *Past Payment Breakdown.* The following items, grouped together in close proximity to each other and located on the first page of the statement:

**(i)** The total of all payments received since the last statement, including a breakdown showing the amount, if any, that was applied to principal, interest, escrow, fees and charges, and the amount, if any, sent to any suspense or unapplied funds account; and

**(ii)** The total of all payments received since the beginning of the current calendar year, including a breakdown of that total showing the amount, if any, that was applied to principal, interest, escrow, fees and charges, and the amount, if any, currently held in any suspense or unapplied funds account.

**(4)** *Transaction activity.* A list of all the transaction activity that occurred since the last statement. For purposes of this paragraph (d)(4), *transaction activity* means any activity that causes a credit or debit to the amount currently due. This list must include the date of the transaction, a brief description of the transaction, and the amount of the transaction for each activity on the list.

**(5)** *Partial payment information.* If a statement reflects a partial payment that was placed in a suspense or unapplied funds account, information explaining what must be done for the funds to be applied. The information must be on the front page of the statement or, alternatively, may be included on a separate page enclosed with the periodic statement or in a separate letter.

**(6)** *Contact information.* A toll-free telephone number and, if applicable, an electronic mailing address that may be used by the consumer to obtain information about the consumer's account, located on the front page of the statement.

**(7)** *Account information.* The following information:

**(i)** The amount of the outstanding principal balance;

**(ii)** The current interest rate in effect for the mortgage loan;

**(iii)** The date after which the interest rate may next change;

**(iv)** The existence of any prepayment penalty, as defined in§ 1026.32(b)(6)(i), that may be charged;

**(v)** The Web site to access either the Bureau list or the HUD list of homeownership counselors and counseling organizations and the HUD toll-free telephone number to access contact information for homeownership counselors or counseling organizations; and

**(8)** *Delinquency information.* If the consumer is more than 45 days delinquent, the following items, grouped together in close proximity to each other and located on the first page of the statement or, alternatively, on a separate page enclosed with the periodic statement or in a separate letter:

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**(i)** The date on which the consumer became delinquent;

**(ii)** A notification of possible risks, such as foreclosure, and expenses, that may be incurred if the delinquency is not cured;

**(iii)** An account history showing, for the previous six months or the period since the last time the account was current, whichever is shorter, the amount remaining past due from each billing cycle or, if any such payment was fully paid, the date on which it was credited as fully paid;

**(iv)** A notice indicating any loss mitigation program to which the consumer has agreed, if applicable;

**(v)** A notice of whether the servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, if applicable;

**(vi)** The total payment amount needed to bring the account current; and

**(vii)** A reference to the homeownership counselor information disclosed pursuant to paragraph (d)(7)(v) of this section.

47.     None of the statements sent to the Plaintiffs of their attorney in compliance with Regulation Z since September 1, 2014.

48.     On none of the statements sent to the Plaintiffs' attorney has Wells Fargo included the following information as required in the event that the loan is at least 45 days in arrears:

a.      A notification of possible risks, such as foreclosure, and expenses, that may be incurred if the delinquency is not cured;

b.      An account history showing, for the previous six months or the period since the last time the account was current, whichever is shorter, the amount remaining past due from each billing cycle or, if any such payment was fully paid, the date on which it was credited as fully paid;

c.      A notice of whether the servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, if applicable;

d.      A reference to the homeownership counselor information disclosed pursuant to paragraph (d)(7)(v) of this section.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

49.     As a result of this failure to comply with 12 C.F.R. 1026.41 and TILA, Defendant is liable to each Plaintiff for actual damages and statutory damages of up to $4000.00 for each of the twelve statements sent since September 2014, which did not comply with Regulation Z.

50.     The Plaintiffs have incurred actual damages, costs and legal fees in regard to this action:

a.     They have incurred costs for gasoline to visit their attorney on at least five occasions, driving to their attorney's office for a round trip totaling 9.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.     They have incurred postage costs, copying costs and stationary and envelope costs for transmission to the Defendants.

c.     They have incurred attorney fees and costs for the prosecution of this claim. Their  fee agreement with their attorney provides that they will be responsible for legal fees expenses incurred in regard to this action.  They have agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

WHERFORE, Plaintiffs demand Judgment against Wells Fargo for statutory damages of at least $4,000.00, for each failure to send a monthly mortgage statement since September, 2014 plus actual damages, plus attorney fees and costs.

MARYANN MATHEWS
KEVIN MATHEWS

September 2, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ., #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
jbelaw@aol.com

11

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Geneconte

## COUNT III

## VIOLATIONS OF REGULATION X AND REGULATION Z

51.     Paragraphs 1-50 are incorporated by reference.

52.     This is an action for actual and statutory damages filed by the Plaintiffs for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB). This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA") and the Truth in Lending Act, 15 U.S.C. § 1601 et. seq. ("TILA").

52.     This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

53.     Wells Fargo performs its mortgage loan servicing business under the name of Wells Fargo Home Mortgage ("WFHM"). Wells Fargo d/b/a WFHM is the current servicer of a Promissory Note and Deed of Trust on the Plaintiffs' residential real estate.

54.     Wells Fargo and WFHM are hereinafter collectively referred to as Wells Fargo and Defendant.

55.     In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

56.     Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z)(February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013). These Regulations became effective on January 10, 2014.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

57.    The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

58.    The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers." Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

59.    The Plaintiffs are asserting claims for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below. The Plaintiffs have a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

60.    On or about November 15, 2014, the Plaintiffs sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

61.    The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 2120 0000 7201 4713. The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

62.    The Request was received by the Defendant on November 18, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit B.

63.    The Plaintiffs' Request for Information requested an Itemized Payoff Statement for the Plaintiffs' mortgage loan account.

64.    Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to provide the Plaintiff with the information requested.

65.    Since the Request was received on November 18, 2014 the time period for the Defendant to comply expired on December 1, 2014.

13

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

66.    The Defendant has failed to provide any of the requested information to the Plaintiffs with seven business days.

67.    On or about March 6, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

68.    The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 3490 000 3889 0095. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

69.    The Notice was received by the Defendant on March 14, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit C.

70.    The Plaintiffs' Notice of Error referenced failure to respond to the Request for Information requesting requested an Itemized Payoff Statement for the Plaintiffs' mortgage loan account.

71.    Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than April 25, 2015.

72.    As of the filing of this complaint, the Defendant has failed to respond to the Notice of Error.

73.    The Plaintiffs have demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

74.    The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

Notices of Error in this case establish that the pattern and practice of Wells
Fargo is ignore Regulation X Notices of Error and Requests for Information.

75.     Plaintiffs are entitled to statutory damages of $2000.00 each for
the failure of the Defendant to respond to this Request for Information or to
correct this error.

76.     The Plaintiffs have incurred actual damages, costs and legal
fees in regard to this claim:

a.      They have incurred costs for gasoline to visit her attorney on at
least five occasions, driving to her attorney's office for a round trip totaling
2 miles. The IRS standard mileage allowance provides for .56 per mile.

b.      They have incurred costs for postage, stationary, envelopes and
copying for this Notice of Error.

c.      They have incurred attorney fees and costs for the prosecution
of this action. Their fee agreement with their attorney provides that they
will be responsible for legal fees and expenses incurred in regard to this
action. They have agreed to pay legal fees at the rate of $400.00 per hour or
out of Court legal work and $450.00 per hour for in Court legal work.

77.     On or about November 15, 2014, the Plaintiffs sent a written
request for information to the Defendant that included the name of the
borrower, the identity of the account, the property description and stated the
information requested. This request was made pursuant to 12 CFR §
1024.36(a).

78.     The Request for Information was mailed by certified mail,
return receipt requested, having an article number 7014 2120 0000 7201
4799. The Request was mailed to the address noticed by the Defendant on
its website as the designated address for requesting such information as
provided for by 12 CFR Section 1024.36(b).

79.     The Request was received by the Defendant on November 18,
2014 as evidenced by United States Postal Form 3811 attached hereto as
Exhibit D.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

80.    The Plaintiffs' Request for Information requested a Qualified Written Request for the Plaintiffs' mortgage loan account.

81.    Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to provide the Plaintiff with the information requested.

82.    Since the Request was received on November 18, 2014 the time period for the Defendant to comply expired on January 2, 2015.

83.    As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiffs.

84.    On or about March 6, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

85.    The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 3490 000 3889 0064. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

86.    The Notice was received by the Defendant on March 14, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit E.

87.    The Plaintiffs' Notice of Error referenced failure to respond to the Request for Information requesting requested an Itemized Payoff Statement for the Plaintiffs' mortgage loan account.

88.    Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than March 24, 2015.

89.    As of the filing of this complaint, the Defendant has failed to respond to the Notice of Error.

16

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

90.   The Plaintiffs have demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

91.   The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is ignore Regulation X Notices of Error and Requests for Information.

92.   Plaintiffs are entitled to statutory damages of $2000.00 each for the failure of the Defendant to respond to this Request for Information or to correct this error.

93.   The Plaintiffs have incurred actual damages, costs and legal fees in regard to this claim:

a.   They have incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 2 miles. The IRS standard mileage allowance provides for .56 per mile.

b.   They have incurred costs for postage, stationary, envelopes and copying for this Notice of Error.

c.   They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees and expenses incurred in regard to this action. They have agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

94.   On or about November 15, 2014, the Plaintiffs sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

95.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 2120 0000 7201 4782. The Request was mailed to the address noticed by the Defendant on

17

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

96.     The Request was received by the Defendant on November 18, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit F.

97.     The Plaintiff's Request for Information requested for Loss Mitigation Options for the Plaintiffs' mortgage loan account.

98.     Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to provide the Plaintiff with the information requested.

99.     Since the Request was received on November 18, 2015 the time period for the Defendant to comply expired on January 2, 2015.

100.    As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiffs.

101.    On or about March 6, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

102.    The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 3490 000 3889 0118. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

103.    The Notice was received by the Defendant on March 14, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit G.

104.    The Plaintiffs' Notice of Error referenced failure to respond to the Request for Information requesting requested for Loss Mitigation Options for the Plaintiffs' mortgage loan account.

105.    Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt

18

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than April 24, 2015.

106. As of the filing of this complaint, the Defendant has failed to respond to the Notice of Error.

107. The Plaintiffs have demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

108. The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is ignore Regulation X Notices of Error and Requests for Information.

109. Plaintiffs are entitled to statutory damages of $2000.00 each for the failure of the Defendant to respond to this Request for Information or to correct this error.

110. The Plaintiffs have incurred actual damages, costs and legal fees in regard to this claim:

a.    They have incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 2 miles. The IRS standard mileage allowance provides for .56 per mile.

b.    They have incurred costs for postage, stationary, envelopes and copying for this Notice of Error.

c.    They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees and expenses incurred in regard to this action. They have agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

111. On or about November 15, 2014, the Plaintiffs sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the

19

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

information requested. This request was made pursuant to 12 CFR §
1024.36(a).

112.   The Request for Information was mailed by certified mail,
return receipt requested, having an article number 7014 2120 0000 7201
4751. The Request was mailed to the address noticed by the Defendant on
its website as the designated address for requesting such information as
provided for by 12 CFR Section 1024.36(b).

113.   The Request was received by the Defendant on November 18,
2014 as evidenced by United States Postal Form 3811 attached hereto as
Exhibit H.

114.   The Plaintiffs' Request for Information requested a Payoff
Balance for the Plaintiffs' mortgage loan account.

115.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had
30 business days to provide the Plaintiff with the information requested.

116.   Since the Request was received on November 18, 2014 the time
period for the Defendant to comply expired on November 27, 2014.

117.   As of the filing of this complaint, the Defendant has failed to
provide any of the requested information to the Plaintiffs.

118.   On or about March 6, 2015, the Plaintiffs sent a written notice
of error to the Defendant that included the name of the borrower, the identity
of the account, the property description and stated the information requested.
This request was made pursuant to 12 CFR § 1024.35.

119.   The Notice of Error was mailed by certified mail, return receipt
requested, having an article number 7014 3490 000 3889 0088. The Notice
was mailed to the address noticed by the Defendant on its website as the
designated address for requesting such information as provided for by 12
CFR § 1024.35.

120.   The Notice was received by the Defendant on March 14, 2015
as evidenced by United States Postal Form 3811 attached hereto as Exhibit I.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

121.   The Plaintiffs' Notice of Error referenced failure to respond to the Request for Information requesting requested a Payoff Balance for the Plaintiffs' mortgage loan account.

122.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than March 24, 2015.

123.   As of the filing of this complaint, the Defendant has failed to respond to the Notice of Error.

124.   The Plaintiffs have demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

125.   The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is ignore Regulation X Notices of Error and Requests for Information.

126.   Plaintiffs are entitled to statutory damages of $2000.00 each for the failure of the Defendant to respond to this Request for Information or to correct this error.

127.   The Plaintiffs have incurred actual damages, costs and legal fees in regard to this claim:

a.   They have incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 2 miles. The IRS standard mileage allowance provides for .56 per mile.

b.   They have incurred costs for postage, stationary, envelopes and copying for this Notice of Error.

c.   They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees and expenses incurred in regard to this action.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

They have agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

128.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than March 24, 2015.

129.   As of the filing of this complaint, the Defendant has failed to respond to the Notice of Error.

130.   The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is ignore Regulation X Notices of Error and Requests for Information.

131.   On or about November 15, 2014, the Plaintiffs sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

132.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 2120 0000 7201 4737.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

133.   The Request was received by the Defendant on November 18, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit J.

134.   The Plaintiffs' Request for Information requested the Identity of the owner of the Plaintiffs' mortgage loan.

135.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 10 business days to provide the Plaintiff with the information requested.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

136.   Since the Request was received on November 18, 2015 the time period for the Defendant to comply expired on December 3, 2014.

137.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiffs.

138.   On or about March 6, 2015, the Plaintiffs sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

139.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 3490 000 3889 0071. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

140.   The Notice was received by the Defendant on March 14, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit K.

141.   The Plaintiffs' Notice of Error referenced failure to respond to the Request for Information requesting requested the Identity of the owner of the Plaintiffs' mortgage loan.

142.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than April 24, 2015.

143.   As of the filing of this complaint, the Defendant has failed to respond to the Notice of Error.

144.   On or about November 15, 2014, the Plaintiffs sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

145.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 2120 0000 7201 4706. The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

146.   The Request was received by the Defendant on November 21, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit L.

147.   The Plaintiffs' Request for Information requested pursuant to TILA, the identity of the owner of the Plaintiffs' mortgage loan.

148.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to provide the Plaintiff with the information requested.

149.   Since the Request was received on November 21, 2015 the time period for the Defendant to comply expired on January 7, 2015.

150.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiffs.

151.   On or about March 6, 2015, the Plaintiffs sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

152.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 3490 000 3889 0125. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

153.   The Notice was received by the Defendant on March 14, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit M.

154.   The Plaintiffs' Notice of Error referenced failure to respond to the Request for Information requesting requested TILA information for identity of the Plaintiffs' mortgage loan.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

155.   The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is ignore Regulation X Notices of Error and Requests for Information.

156.   Plaintiffs are entitled to statutory damages of $2000.00 each for the failure of the Defendant to respond to this Request for Information or to correct this error.

157.   The Plaintiffs have incurred actual damages, costs and legal fees in regard to this claim:

a.    They have incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 2 miles. The IRS standard mileage allowance provides for .56 per mile.

b.    They have incurred costs for postage, stationary, envelopes and copying for this Notice of Error.

c.    They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees and expenses incurred in regard to this action. They have agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

158.   On or about March 9, 2015 the Plaintiffs sent a written Notice of Error that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

159.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 3490 0000 3889 0149. The Notice of Error was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

160.   The Request was received by the Defendant on March 14, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit N.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

161.   The Plaintiffs' Notice of Error requested that Wells Fargo send the consumer monthly statements and not send the statements to their attorney.

162.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to provide the Plaintiffs with the information requested.

163.   Since the Request was received on March 14, 2015 the time period for the Defendant to comply expired on April 24, 2015.

164.   As of the filing of this complaint, the Defendant has failed to correct the error and continues to refuse to send the Plaintiffs any statements.

165.   The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is ignore Regulation X Notices of Error and Requests for Information.

166.   Plaintiffs are entitled to statutory damages of $2000.00 each for the failure of the Defendant to respond to this Notice of Error or to correct this error.

167.   The Plaintiffs have incurred actual damages, costs and legal fees in regard to this claim:

a.   They have incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 2 miles. The IRS standard mileage allowance provides for .56 per mile.

b.   They have incurred costs for postage, stationary, envelopes and copying for this Notice of Error.

c.   They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees and expenses incurred in regard to this action. They have agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

168.   On or about May 14, 2015 the Plaintiffs sent a written Notice of Error that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

169.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 1820 0000 8774 3703. The Notice of Error was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

170.   The Request was received by the Defendant on May 17, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit O.

171.   The Plaintiffs' Notice of Error alleged that Wells Fargo had committed error by incurring unnecessary fees and costs arising from advertising for a foreclosure sale without first providing a Notice of Mediation as required by RIGL 34-27-3.2.

172.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to correct the error.

173.   Since the Notice of Error was received on May 17, 2015 the time period for the Defendant to comply expired on June 29, 2015.

174.   As of the filing of this complaint, the Defendant has failed to correct the error and in fact indicated in a letter dated June 3, 2015 that it would not respond to this Notice of Error on the grounds that it was related to litigation.

175.   As a result the Plaintiffs have incurred actual damages in the amount charged to their mortgage loan account for advertising for foreclosures in 2015 on at least two occasions.  These damages consist of the cost for advertising of at least $2000.00 charged to the Plaintiffs mortgage loan account for any advertising in the Providence Journal.

176.   The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

Notices of Error in this case establish that the pattern and practice of Wells Fargo is ignore Regulation X Notices of Error and Requests for Information.

177.   Plaintiffs are entitled to statutory damages of $2000.00 each for the failure of the Defendant to respond to this Notice of Error or to correct this error.

178.   The Plaintiffs have incurred actual damages, costs and legal fees in regard to this claim:

a.      They have incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 2 miles. The IRS standard mileage allowance provides for .56 per mile.

b.      They have incurred costs for postage, stationary, envelopes and copying for this Notice of Error.

c.      They have incurred actual damages of at least $2000.00 for all the costs, fees and charges relating to foreclosure expenses for advertising improperly charged to the mortgage loan account. These costs and expenses charges for advertising could not have been incurred without a Notice of Mediation.

d.      They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees and expenses incurred in regard to this action. They have agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

179.   On or about May 21, 2015 the Plaintiffs sent a written Notice of Error that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

180.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 1820 000 8774 0467. The Notice of Error was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

181. The Notice of Error was received by the Defendant on May 29, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit P.

182. The Plaintiffs' Notice of Error alleged that Wells Fargo had committed error by incurring unnecessary fees and costs arising from Scheduling a foreclosure sale without first providing a Notice of Mediation as required by RIGL 34-27-3.2.

183. Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to correct the error.

184. Since the Notice of Error was received on May 29, 2015 the time period for the Defendant to comply expired on July 13, 2015.

185. As of the filing of this complaint, the Defendant has failed to correct the error and in fact indicated in a letter dated June 3, 2015that it would not respond to this Notice of Error on the grounds that it was related to litigation.

186. As a result the Plaintiffs have incurred actual damages in the amount charged to their mortgage loan account for foreclosure fees, costs, legal fees and advertising for foreclosures in 2015 on at least two occasions. These damages consist of the expense in excess of $5000.00 charged to the Plaintiffs mortgage loan account.

187. The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is ignore Regulation X Notices of Error and Requests for Information.

188. Plaintiffs are entitled to statutory damages of $2000.00 each for the failure of the Defendant to respond to this Notice of Error or to correct this error.

189. The Plaintiffs have incurred actual damages, costs and legal fees in regard to this claim:

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

a.     They have incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 2 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.     They have incurred costs for postage, stationary, envelopes and copying for this Notice of Error.

c.     They have incurred actual damages of at least $5000.00 for all the costs, fees and charges relating to foreclosure expenses improperly charged to the mortgage loan account. These costs and expenses charges could not have been incurred without a Notice of Mediation.

d.     They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees and expenses incurred in regard to this action.  They have agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

WHEREFORE, Plaintiffs demand judgment against Wells Fargo for:

a.     damages for each RESPA claim for actual damages for postage, stationary, envelopes and copying  for each Notice of Error, not responded to, corrected  or acknowledged;

b.     actual damages for all amounts improperly charged to  the Plaintiffs' mortgage loan account as alleged in this complaint;

c.     all other actual damages;

d.     statutory damages for each Plaintiff of $2000.00 each  for each failure to respond to each notice of error;

e.     attorney fees and costs and all other just ad proper relief.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

KEVIN MATHEWS
MARYANN MATHEWS
By their Attorney

September 2, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com

## COUNT IV

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY DEFENDANT'S FAILURE TO IDENTIFY THE OWNER OF THE NOTE AND THE MORTGAGE AND THE MASTER SERVICER FOR THE NOTE AND THE MORTGAGE**

190.    Paragraphs 1-189 are incorporated by reference.

191.    This is an action for damages brought by the Plaintiffs, who are consumers for Wells Fargo's violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

192.    Specifically, Plaintiffs seek the remedies provided in TILA for Defendants' failure to respond a request for the identity of the owner and holder of Plaintiff's mortgage loan as required by 15 U.S.C. §§ 1641(f) and 1641(g) respectively.

193.    This Court has jurisdiction pursuant to 14 U.S.C. § 1641(f) to provide private remedies for failure to respond to a borrower's request for information under that section. 15 U.S.C. § 1640 provides for statutory damages of the type alleged in this Complaint to a range of not less than $400 nor greater than $4,000.00. Jurisdiction is further conferred on this Court by 15 U.S.C. §1640(e).

194.    The Defendant, Wells Fargo is a National Bank that services residential mortgage loans. Wells Fargo is the servicer of the mortgage loan, which is the subject of this complaint. Wells Fargo is a National Bank

31

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

existing under the laws of the United States, which has a headquarters located at Sioux Falls, South Dakota.

195.   On June 25, 2007, World Savings Bank gave a mortgage loan to Plaintiffs for the purpose of refinancing the Plaintiffs' residence at 51 Outlook Avenue, Providence Rhode Island (the "property"), referred to in this complaint as the "Mortgage loan".

196.   In connection with the Mortgage Loan the Plaintiffs executed a promissory note to World Savings Bank in the original principal amount of $248,500.00 payable to World Savings Bank.

197.   The Mortgage Note was secured by a Mortgage on the property dated   June 25, 2007 and recorded in the land evidence records of the City of Providence in Book 2853   Page 280, which named World Savings Bank as Lender and as mortgagee.

198.   The mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

199.   On or about  November 15, 2014  Plaintiffs, by their attorney, mailed a letter to Wells Fargo requesting the name of the owner of the Mortgage Note and clearly alerting Defendant to the fact that their request was being made pursuant to TILA,  U.S.C. §15 1641.

200.   A copy of Plaintiff's request, the original of which Plaintiffs' attorney signed and mailed, is attached hereto as Exhibit L along with Postal Form 3811, the certified receipt form attached as Exhibit L, which indicates that Defendant received this letter on November 21, 2014.

201.   The Request was mailed by certified mail, return receipt requested, having an article number 7014 2120 0000 7201 4706.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

202.   The Request was received by the Defendant on November 21, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit L.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

203   The Plaintiffs' Request for Information requested pursuant to TILA, the identity of the owner of the Plaintiffs' mortgage loan.

204.   Wells Fargo and John Doe, did not respond to Plaintiffs' request for the owner and holder of the Mortgage Note and the name of the servicer and Master servicer as required by 12 U.S.C. § 2605(e), thus violating 15 U.S.C. §1641(f) with respect to the Mortgage Loan.

205.   On or about March 6, 2015, the Plaintiffs sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

206.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 3490 000 3889 0125. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

207.   The Notice was received by the Defendant on March 14, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit M.

208.   The Plaintiffs' Notice of Error referenced failure on the part of Wells Fargo to respond to the Request pursuant to TILA to provide the identity of the Plaintiffs' mortgage loan.

209.   The Plaintiffs have incurred actual damages, costs and legal fees in regard to this claim:

a.     They have incurred costs for gasoline to visit their attorney on at least three occasions, driving to their attorney's office for a round trip totaling 9.2 miles. The IRS standard mileage allowance provides for .56 per mile.

b.     they have incurred costs for postage, stationary, envelopes and copying for this Request.

c.     They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

be responsible for legal fees expenses incurred in regard to this action. They have agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

WHERFORE, Plaintiffs demands Judgment against Wells Fargo and

John Doe jointly and severally for statutory damages of at least $4,000.00,

each plus actual damages, plus attorney fees and costs.

MARYANN MATHEWS
KEVIN MATHEWS

September 2, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ., #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230

## COUNT V

### INJUNCTIVE RELIEF

210.   Paragraphs 1- 209 are incorporated by reference.

211.   Exhibit A sent to the Plaintiffs by Wells Fargo indicates that the promissory note was endorsed and is not owned by Wells Fargo.

212.   This note is not a negotiable instrument pursuant to the provisions of the Uniform Commercial Code.

213.   The endorsement indicates that the loan was sold by either World Savings Bank or a successor in interest.

214.   As a result, Wells Fargo is not authorized to enforce this Mortgage as the note indicates that it was endorsed.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

215.  There is no indication as to when the endorsement occurred or the alleged cancellation of the endorsement occurred.

216.  The Plaintiffs seeks a Mandatory Injunction and Preliminary Injunction against Wells Fargo from commencing or continue an illegal foreclosure action without authority to take said action.

217.  Plaintiffs have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

218.  The endorsement on the note indicates that Wells Fargo is not entitled to enforce the mortgage or note.

219.  Plaintiffs have incurred legal fees for the prosecution of this action.

WHERFORE, Plaintiffs demand that this Court:

A.  Preliminarily and permanently restrain and enjoin Wells Fargo and Orlans Moran from commencing any further foreclosure actions.

B.  Grant all other just and proper relief.

MARYANN MATHEWS
KEVIN MATHEWS

September 2, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ., #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230

PLAINTIFFS DEMAND A TRIAL BY JURY

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

## CERTIFICATION

I hereby certify that I emailed a copy of the within Amended

Complaint to the following on the 2nd day of September, 2015.


David E. Fialkow, Esq.
K & L Gates, LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111

/s/ John B. Ennis

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT A

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

(Page 1 of 6)

WORLD SAVINGS BANK, FSB

# ADJUSTABLE RATE MORTGAGE NOTE

## PICK-A-PAYMENT℠ LOAN

### WACHOVIA AVERAGE DEPOSIT ACCOUNT RATE (COST OF SAVINGS) INDEX

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, MY MONTHLY PAYMENT AND MY UNPAID PRINCIPAL BALANCE. MY MONTHLY PAYMENT INCREASES, MY INTEREST RATE INCREASES AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED. THIS NOTE IS SECURED BY A SECURITY INSTRUMENT OF THE SAME DATE.

LOAN NUMBER  0046377867                          DATE  June 25, 2007

BORROWER(S)  MARYANN MATHEWS AND KEVIN MATHEWS, WIFE AND HUSBAND  sometimes called "Borrower" and sometimes simply called "I" or "me."

PROPERTY ADDRESS  51-53 OUTLOOK AVE, EAST PROVIDENCE, RI 02914-3244

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S.  $248,500.00 , called "Principal," plus interest, and any other charges incurred during the course of the loan, to the order of the Lender. The Lender is WORLD SAVINGS BANK, FSB, a FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES, or anyone to whom this Note is transferred.

**2. INTEREST**

   **(A)   Interest Rate**

   Interest will be charged on unpaid Principal until the full amount of Principal has been paid.  I will pay interest at the yearly rate of 7.610%.  The interest rate I will pay  may change as described in this Section 2.  Interest will be charged on the basis of a twelve month year and a thirty day month.

   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note.

   **(B)   Interest Change Dates**

   The interest rate I will pay may change on the 15th day of August, 2007 and on the same day every month thereafter. Each date on which my interest rate could change is called an "Interest Change Date." The new rate of interest will become effective on each Interest Change Date.

   **(C)   Interest Rate Limit**

   My lifetime maximum interest rate limit is 11.950%, called "Lifetime Rate Cap."

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Geneconte

(Page 2 of 6)

0046377867

**(D)  Index**

Beginning with the first Interest Change Date, my interest rate will be based on an index. The Index is the "Cost of Savings Index" as published by Wachovia Corporation. The Cost of Savings Index is the weighted average of the interest rates in effect as of the last business day of each calendar month on the U.S. dollar denominated personal time deposits (as defined by the Board of Governors of the Federal Reserve System for purposes of reporting deposits on FR 2900 by commercial banks) held by the U.S. branches and non-U.S. branches located in U.S. military facilities of the depository institution subsidiaries of Wachovia Corporation that hold federally insured deposits.

For this purpose, a business day is any calendar day other than Saturday, Sunday, or any legal holiday for national banks.

The Index will be published monthly by Wachovia Corporation, on or before the fifteenth day of each month, and made readily available. The most recent Index figure available on each Interest Change Date is called the "Current Index".

If an Index is substituted pursuant to section 2(F) of this Note, the alternate index will become the Index.

**(E)  Calculation of Interest Rate Changes**

Lender will calculate my interest rate by adding **2.700** percentage points, called the "Margin," to the Current Index. Subject to the limit stated in Section 2(C) above, the result of this calculation will be my new interest rate until the next Interest Change Date.

If Lender fails to utilize the entire interest rate increase to which it is entitled under this Note on any Interest Change Date by failing to add all or part of the allowable Margin to the Current Index, then Lender may add any such allowable Margin to the Current Index on any future Interest Change Date. Lender may not, at a later date, "carryover" or add interest to which it is not entitled under this Note on any Interest Change Date.

**(F)  Alternate Index**

The Lender may choose an alternate index if the Index is no longer available. For purposes of this Section 2(F), the Cost of Savings Index or an alternate index is no longer available if:

(1)  The Lender, in its sole discretion, determines that (a) the Board of Governors of the Federal Reserve System has made a material change in the definition of personal time deposits or time deposits for purposes of reporting deposits on FR 2900 or a comparable successor report, or (b) the index is otherwise calculated in a substantially different manner or based on substantially different information than at the time the index became applicable to this Note, or

(2)  Applicable laws or regulations prevent the Lender from using the Index to calculate interest under this Note.

The selection of an alternate index shall be at Lender's sole discretion. The alternate index may be a national or regional index or another type of index accepted or approved by the Lender's primary regulator. The Lender will give me notice of the alternate index.

**3.  PAYMENTS**

**(A)  Time and Place of Payments**

I will pay Principal and interest by making payments every month.

I will make my monthly payments on the **15th** day of each month beginning on **August 15, 2007**. I will make these payments every month until I have paid (i) all the Principal and interest, and (ii) any other charges described below that I may owe under this Note, and (iii) any charges that may be due under the Security Instrument. If, on **July 15, 2037**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612** or at a different place if required by notice from the Lender.

**(B)  Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. **$ 857.63**. This amount will change as described in Sections 3(C) and 3(D) below. My initial monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance.

**(C)  Payment Change Dates**

My monthly payment will change as required by Section 3(D) below beginning on the **15th** day of **August, 2008** and on that day every **12th** month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount.

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date and as provided in Section 3(F) or 3(G) below.

**(D)  Calculation of Payment Changes**

Subject to Sections 3(F) and 3(G), on the Payment Change Date my monthly payment may be changed to an amount sufficient to pay the unpaid principal balance, including any deferred interest as described in Section 3(E) below, together with interest at the interest rate in effect on the day of calculation by the Maturity Date. However, the amount by which my payment can be increased will not be more than 7-1/2% of the then existing Principal and interest payment. This 7-1/2% limitation is called the "Payment Cap." The Lender will perform this Payment Change calculation at least 60 but not more than 90 days before the Payment Change Date.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

(Page 3 of 6)

0046377867

**(E)   Deferred Interest; Additions to My Unpaid Principal**

From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.

**(F)   Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid principal balance can never exceed **125%** of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date at the interest rate then in effect, in substantially equal payments.

**(G)   Payment Cap Limitation. Exceptions**

Beginning with the **10th** Payment Change Date and every 5th Payment Change Date thereafter, my monthly payment will be calculated as described in Section 3(D) above except that the Payment Cap limitation will not apply. Additionally, the Payment Cap limitation will not apply on the final Payment Change Date.

**(H)   Notice of Payment Changes**

The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date. The Payment Change Notice will include information required by law.

**4.   FAILURE TO MAKE ADJUSTMENTS**

If for any reason Lender fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal.

**5   BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal before it is due is called a "Prepayment". When I make a Prepayment, I will tell the Lender in writing that I am doing so. The Lender may require that any partial prepayments be made on the date my regularly scheduled payments are due. If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing.

I may pay Deferred Interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of principal. During the first year of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month. After the first year of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.

**6.   MAXIMUM LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Lender may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)   Late Charges for Overdue Payments**

If the Lender has not received the full amount of any monthly payment by the end of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Lender. The amount of the charge will be **5.00%** of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Geneconte

(Page 4 of 6)

0046377867

**(B)  Default**

I will be in default if b) I do not pay the full amount of each monthly payment on the date it is due, or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument, or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts, or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading

**(C)  Notice of Default**

If I am in default, the Lender may send me a written notice, called "Notice of Default," telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument

**(D)  No Waiver by Lender**

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full as described above, the Lender will still have the right to do so if I am in default at a later time

**(E)  Payment of Lender's Costs and Expenses**

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at **51-53 OUTLOOK AVE, EAST PROVIDENCE, RI 02914-3244,** or at a single alternative address if I give the Lender notice of my alternative address. I may give notice to Lender of a change in my address in writing or by calling Lender's customer service telephone number provided on my billing statement. I may designate only one mailing address at a time for notification purposes.

Except as permitted above for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who takes over these obligations is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note

**10.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment, notice of dishonor, notice of acceleration, and protest. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid

**11.   SECURED NOTE - ACCELERATION**

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against which it may proceed if I do not keep the promises which I made in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph 26:

**AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

**Acceleration of Payment of Sums Secured.** Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me

SG2530 (2008-09-3)                              ADJUSTABLE PICK-A-PAYMENT NOTE                              RI
                                                         Page 4

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

(Page 5 of 6)

0046377867

**Exception to Acceleration of Payment of Sums Secured.** If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if

(i) Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender,

(ii) Lender approves the creditworthiness of the transferee in writing,

(iii) transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards,

(iv) an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of Principal and interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender, and

(v) the transferee executes an assumption agreement which is satisfactory to Lender

The loan may be assumed under its then existing terms and conditions with one exception, the Lifetime Rate Cap may be changed. The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes

**12. GOVERNING LAW; SEVERABILITY**
This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note

**13. CLERICAL ERRORS**
In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error

**14. LOST, STOLEN OR MUTILATED DOCUMENTS**
If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor, signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes

THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS

SD253E (2000-09-3)            ADJUSTABLE PICK-A-PAYMENT NOTE            R3
                                        Page 5

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

(Page 6 of 6)

0046377867

### SIGNATURE PAGE

**NOTICE TO BORROWER(S):**

BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE PREPAYMENT PROVISION) BEFORE YOU SIGN IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____  (Seal)
MARYANN MATHEWS

_____  (Seal)
KEVIN MATHEWS

WITNESS

WITHOUT RECOURSE
PAY TO THE ORDER OF

CANCELLED

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT A

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

(Page 1 of 6)

WORLD SAVINGS BANK, FSB

# ADJUSTABLE RATE MORTGAGE NOTE

## PICK-A-PAYMENT℠ LOAN

### WACHOVIA AVERAGE DEPOSIT ACCOUNT RATE (COST OF SAVINGS) INDEX

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, MY MONTHLY PAYMENT
AND MY UNPAID PRINCIPAL BALANCE. MY MONTHLY PAYMENT INCREASES, MY INTEREST RATE INCREASES
AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED. THIS NOTE IS SECURED BY A SECURITY INSTRUMENT
OF THE SAME DATE.

LOAN NUMBER  0046377867                          DATE  June 25, 2007

BORROWER(S)  MARYANN MATHEWS AND KEVIN MATHEWS, WIFE AND HUSBAND  sometimes called
"Borrower" and sometimes simply called "I" or "me"

PROPERTY ADDRESS  51-53 OUTLOOK AVE, EAST PROVIDENCE, RI 02914-3244

**1.  BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $248,500.00, called "Principal," plus interest, and any other
charges incurred during the course of the loan, to the order of the Lender. The Lender is WORLD SAVINGS BANK, FSB,
a FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES, or anyone to whom this Note is transferred.

**2.  INTEREST**

**(A)  Interest Rate**

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at the yearly
rate of 7.610%. The interest rate I will pay may change as described in this Section 2. Interest will be charged on the basis of a
twelve month year and a thirty day month.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of
this Note.

**(B)  Interest Change Dates**

The interest rate I will pay may change on the 15th day of August, 2007 and on the same day every month thereafter.
Each date on which my interest rate could change is called an "Interest Change Date." The new rate of interest will become
effective on each Interest Change Date.

**(C)  Interest Rate Limit**

My lifetime maximum interest rate limit is 11.950%, called "Lifetime Rate Cap."

LENDER'S USE ONLY

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

(Page 2 of 6)

0046377867

**(D) Index**

Beginning with the first Interest Change Date, my interest rate will be based on an Index. The Index is the "Cost of Savings Index" as published by Wachovia Corporation. The Cost of Savings Index is the weighted average of the interest rates in effect as of the last business day of each calendar month on the U.S. dollar denominated personal time deposits (as defined by the Board of Governors of the Federal Reserve System for purposes of reporting deposits on FR 2900) by commercial banks held by the U.S. branches and non-U.S. branches located on U.S. military facilities of the depository institution subsidiaries of Wachovia Corporation that hold federally insured deposits.

For this purpose, a business day is any calendar day other than Saturday, Sunday, or any legal holiday for national banks.

The Index will be published monthly by Wachovia Corporation, on or before the fifteenth day of each month, and made readily available. The most recent Index figure available on each Interest Change Date is called the "Current Index."

If an Index is substituted pursuant to section 2(F) of this Note, the alternate index will become the Index.

**(E) Calculation of Interest Rate Changes**

Lender will calculate my new interest rate by adding the **2.700** percentage points, called the "Margin," to the Current Index. Subject to the limit stated in Section 2(C) above, the result of this calculation will be my new interest rate until the next Interest Change Date.

If Lender fails to utilize the entire interest rate increase to which it is entitled under this Note on any Interest Change Date by failing to add all or part of the allowable Margin to the Current Index, then Lender may add any such allowable Margin to the Current Index on any future Interest Change Date. Lender may not, at a later date, "carryover" or add interest to which it is not entitled under this Note on any Interest Change Date.

**(F) Alternate Index**

The Lender may choose an alternate index if the Index is no longer available. For purposes of this Section 2(F), the Cost of Savings Index or an alternate index is no longer available if:

(1) The Lender, in its sole discretion, determines that (a) the Board of Governors of the Federal Reserve System has made a material change in the definition of personal time deposits or time deposits for purposes of reporting deposits on FR 2900 or a comparable successor report, or (b) the Index is otherwise calculated in a substantially different manner or based on substantially different information than at the time the Index became applicable to this Note, or

(2) Applicable laws or regulations prevent the Lender from using the Index to calculate interest under this Note.

The selection of an alternate index shall be at Lender's sole discretion. The alternate index may be a national or regional index of another type of index accepted or approved by the Lender's primary regulator. The Lender will give me notice of the alternate index.

**3. PAYMENTS**

**(A) Time and Place of Payments**

I will pay Principal and interest by making payments every month.

I will make my monthly payments on the **15th** day of each month beginning on **August 15, 2007**. I will make these payments every month until I have paid all of the Principal and interest, and (ii) any other charges described below that I may owe under this Note, and (iii) any charges that may be due under the Security Instrument. If, on **July 15, 2037**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612** or at a different place if required by notice from the Lender.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. **$ 857.63**. This amount will change as described in Sections 3(C) and 3(D) below. My initial monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance.

**(C) Payment Change Dates**

My monthly payment will change as required by Section 3(D) below beginning on the **15th** day of **August, 2008** and on that day every **12th** month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount.

I will pay the amount of my new monthly payment each month beginning on each Payment Change Date and as provided in Section 3(F) or 3(G) below.

**(D) Calculation of Payment Changes**

Subject to Sections 2(F) and 3(G), on the Payment Change Date my monthly payment may be changed to an amount sufficient to pay the unpaid Principal balance, including any deferred interest as described in Section 3(E) below, together with interest at the interest rate in effect on the day of calculation at my Maturity Date. However, the amount by which my payment can be increased will not be more than 7-1/2% of the then existing Principal and interest payment. This 7-1/2% limitation is called the "Payment Cap." The Lender will perform this Payment Change calculation at least 60 but not more than 90 days before the Payment Change Date.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

(Page 3 of 6)

0046377867

**(E)   Deferred Interest; Additions to My Unpaid Principal**

From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.

**(F)   Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid principal balance can never exceed **125%** of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date at the interest rate then in effect, in substantially equal payments.

**(G)   Payment Cap Limitation, Exceptions**

Beginning with the **10th** Payment Change Date and every 5th Payment Change Date thereafter, my monthly payment will be calculated as described in Section 3(D) above except that the Payment Cap limitation will not apply. Additionally, the Payment Cap limitation will not apply on the final Payment Change Date.

**(H)   Notice of Payment Changes**

The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date. The Payment Change Notice will include information required by law.

**4.   FAILURE TO MAKE ADJUSTMENTS**

If for any reason Lender fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal.

**5   BORROWER'S RIGHT TO PREPAY**

**I have the right to make payments of principal at any time before they are due.   A payment of principal before it is due is called a "Prepayment".   When I make a Prepayment, I will tell the Lender in writing that I am doing so.   The Lender may require that any partial prepayments be made on the date my regularly scheduled payments are due.   If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing.**

**I may pay Deferred Interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of principal.   During the first year of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month.   After the first year of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.**

**6.   MAXIMUM LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Lender may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7   BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)   Late Charges for Overdue Payments**

If the Lender has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Lender. The amount of the charge will be **5.00%** of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

SD253C (2008-09-3)          ADJUSTABLE PICK-A-PAYMENT NOTE          RI
                            Page 3

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

(Page 4 of 6)

0046377867

**(B)   Default**

I will be in default if (i) I do not pay the full amount of each monthly payment on the date it is due, or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument, or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts, or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading

**(C)   Notice of Default**

If I am in default, the Lender may send me a written notice, called "Notice of Default," telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest that I owe on that amount, plus any other amounts due under the Security Instrument

**(D)   No Waiver by Lender**

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full as described above, the Lender will still have the right to do so if I am in default at a later time

**(E)   Payment of Lender's Costs and Expenses**

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law  Those expenses may include, for example, reasonable attorneys' fees and court costs

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at **51-53 OUTLOOK AVE, EAST PROVIDENCE, RI  02914-3244,** or at a single alternative address if I give the Lender notice of my alternative address  I may give notice to Lender of a change in my address in writing or by calling Lender's customer service telephone number provided on my billing statement  I may designate only one mailing address at a time for notification purposes

Except as permitted above for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed  Any person who takes over these obligations is also obligated to keep all of the promises made in this Note  The Lender may enforce its rights under this Note against each person individually or against all of us together  This means that any one of us may be required to pay all of the amounts owed under this Note

**10.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment, notice of dishonor, notice of acceleration, and protest  "Presentment" means the right to require the Lender to demand payment of amounts due  "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid

**11.   SECURED NOTE - ACCELERATION**

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against which it may proceed if I do not keep the promises which I made in this Note  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph 26:

**AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

**Acceleration of Payment of Sums Secured.** Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission  Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission  However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration  If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

(Page 5 of 6)

0046377867

**Exception to Acceleration of Payment of Sums Secured.** If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if

(i)     Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender,

(ii)    Lender approves the creditworthiness of the transferee in writing,

(iii)   transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards,

(iv)    an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of Principal and interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender, and

(v)     the transferee executes an assumption agreement which is satisfactory to Lender

The loan may be assumed under its existing terms and conditions with one exception, the Lifetime Rate Cap may be changed  The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes

12.  **GOVERNING LAW; SEVERABILITY**
This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note

13.  **CLERICAL ERRORS**
In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error

14   **LOST, STOLEN OR MUTILATED DOCUMENTS**
If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor, signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes

THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

(Page 6 of 6)

0046377867

### SIGNATURE PAGE

NOTICE TO BORROWER(S):

BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN
CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE
PREPAYMENT PROVISION) BEFORE YOU SIGN IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____  (Seal)
MARYANN MATHEWS

_____  (Seal)
KEVIN MATHEWS

WITHOUT RECOURSE
PAY TO THE ORDER OF

CANCELLED

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT B

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Wells Fargo Home Mortgage
Attn: Notice of Errors &
Request for Information
P.O. Box 10335
Des Moines, IA 50306

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Shawn Miller_   ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 2120 0000 7201 4713

PS Form 3811, July 2013          Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230                                              Fax (401) 946-5006

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client:  Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Re: Request for Itemized Payoff Statement Pursuant to Section 1026.36 of Regulation Z

Dear Sir or Madam:

This is a Request for an Itemized Payoff Statement related to your servicing of the mortgage loan of the above-named client. All references herein are to Regulation Z of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1026.36 of Regulation Z, you must within seven (7) days (excluding legal public holidays, Saturdays and Sundays) provide my office with an Itemized Payoff Balance. Please note that under this section, you may charge a reasonable fee for providing the consumer with this itemized statement.

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT C

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Article Number
(Transfer from service label)

7014 3490 0000 3889 0095

PS Form 3811, July 2013          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Joann Miller_     ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

MAR 14 2015
DES MOINES, IA

3. Service Type
   ☐ Certified Mail    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                                                    Fax (401) 946-5006

March 6, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of
Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective
on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and
Consumer Protection Act provisions regarding mortgage loan servicing. Under these
amendments, you must acknowledge receipt of this Notice within five (5) days thereof
(excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses
to this notice within thirty (30) days of receipt thereof (excluding legal public holidays,
Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and
incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following
categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the
borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the
terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in
violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the
consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as
required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as
required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the
consumer, which includes, for example, a late fee for a payment that was not late, a charge you
imposed for a service that was not provided, a default property-management fee for consumers

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan.  Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you did not provide a borrower with an itemized payoff statement within seven business days of receipt of a request pursuant to 12 CFR 1026.36(c)(3). You received this request on November 18, 2014 and have not responded.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230                                        Fax (401) 946-5006

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

**Re: Request for Itemized Payoff Statement Pursuant to Section 1026.36 of Regulation Z**

Dear Sir or Madam:

This is a Request for an Itemized Payoff Statement related to your servicing of the mortgage loan of the above-named client. All references herein are to Regulation Z of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1026.36 of Regulation Z, you must within seven (7) days (excluding legal public holidays, Saturdays and Sundays) provide my office with an Itemized Payoff Balance. Please note that under this section, you may charge a reasonable fee for providing the consumer with this itemized statement.

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT D

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:31 PM
Envelope: 318314
Reviewer: Alexa Gonecom

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wells Fargo Home Mortgage
Attn: Notice of Errors & Request for Information
P.O. Box 10335
Des Moines, IA 50306

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ Quinn Miller _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7014 2120 0000 7201 4799

PS Form 3811, July 2013    Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Geneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230                                         Fax (401) 946-5006

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client:  Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

**Re: Qualified Written Request and Request for Information Pursuant to
Section 1024.36 of Regulation X**

Dear Sir or Madam:

This is a Request for Information related your servicing of the mortgage loan of the
above-named client. All references herein are to Regulation X of the Mortgage
Servicing Act as amended by the Consumer Financial Protection Bureau pursuant
to the Dodd Frank Act. Please note that these new Regulations became effective on
January 10, 2014.

The written authority of the client to my law firm for this Request is attached
hereto and incorporated herein by this reference.

Pursuant to Section 1024.36(c) of Regulation X, you must within five (5) days
(excluding legal public holidays, Saturdays and Sundays) provide my office with a
response to this Request acknowledging receipt of the same.

Pursuant to Section 1024.36(d)(ii)(2)(A), not later than ten (10) days (excluding
public holidays, Saturdays and Sundays) after you receive this request for

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

information you must provide me with the identify of, and address or other relevant contact information for the owner of the mortgage loan identified herein. For all of the other information requested herein, and pursuant to Section 1024.36(d)(ii)(2)(B), you must respond not later than thirty (30) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information.

1.    the name and address of the actual owner of my client's mortgage along with the date said mortgage was transferred;

2.    the name and address of any owners of my client's mortgage along with the date said mortgage was transferred to each owner.

3.    please provide any documents that indicate how the mortgage was assigned to the current mortgage holder and to each owner of the mortgage;

4.    the name and address of actual owner of my clients' promissory note along with the date said note was transferred; and

5.    the name and address of the each owner of my client's promissory note along with the date said note was transferred to each owner;

6.    please provide any documents that indicate how the note was transferred to either the current note holder or any prior note holder or how the mortgage was assigned to the current mortgage holder or any prior mortgage holder;

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT E

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Dawn M. Miller_                    □ Agent
                                       □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

S. MOINES
MAR 14 2015
50318

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

3. Service Type
   ☒ Certified Mail      □ Priority Mail Express™
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ Collect on Delivery

4. Restricted Delivery? (Extra Fee)              □ Yes

2. Article Number
   (transfer from service label)

7014 3490 0000 3689 0064

PS Form 3811, July 2013          Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                    Fax (401) 946-5006

March 6, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of
Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective
on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and
Consumer Protection Act provisions regarding mortgage loan servicing. Under these
amendments, you must acknowledge receipt of this Notice within five (5) days thereof
(excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses
to this notice within thirty (30) days of receipt thereof (excluding legal public holidays,
Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and
incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following
categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the
borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the
terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in
violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the
consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as
required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as
required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the
consumer, which includes, for example, a late fee for a payment that was not late, a charge you
imposed for a service that was not provided, a default property-management fee for consumers

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you did not respond to a Qualified Written Request within thirty business days of receipt of the request. You received this request on November 18, 2014 and have not responded within thirty business days.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Geneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                    Fax (401) 946-5006

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

**Re: Qualified Written Request and Request for Information Pursuant to**
**Section 1024.36 of Regulation X**

Dear Sir or Madam:

This is a Request for Information related your servicing of the mortgage loan of the above-named client. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. Please note that these new Regulations became effective on January 10, 2014.

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1024.36(c) of Regulation X, you must within five (5) days (excluding legal public holidays, Saturdays and Sundays) provide my office with a response to this Request acknowledging receipt of the same.

Pursuant to Section 1024.36(d)(ii)(2)(A), not later than ten (10) days (excluding public holidays, Saturdays and Sundays) after you receive this request for

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

information you must provide me with the identify of, and address or other relevant contact information for the owner of the mortgage loan identified herein. For all of the other information requested herein, and pursuant to Section 1024.36(d)(ii)(2)(B), you must respond not later than thirty (30) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information.

1.     the name and address of the actual owner of my client's mortgage along with the date said mortgage was transferred;

2.     the name and address of any owners of my client's mortgage along with the date said mortgage was transferred to each owner.

3.     please provide any documents that indicate how the mortgage was assigned to the current mortgage holder and to each owner of the mortgage;

4.     the name and address of actual owner of my clients' promissory note along with the date said note was transferred; and

5.     the name and address of the each owner of my client's promissory note along with the date said note was transferred to each owner;

6.     please provide any documents that indicate how the note was transferred to either the current note holder or any prior note holder or how the mortgage was assigned to the current mortgage holder or any prior mortgage holder;

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT F

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Wells Fargo Home Mortgage
Attn: Notice of Errors &
Request for Information
P.O. Box 10335
Des Moines, IA 50306

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)              ☐ Yes

Article Number
(Transfer from service label)

7014 2120 0000 7201 4782

PS Form 3811, July 2013        Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

**Tel. (401) 943-9230**                                  **Fax (401) 946-5006**

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

**Re: Request for Loss Mitigation Options Pursuant to Section 1024.41 of
Regulation X**

Dear Sir or Madam:

The client has experienced increased bills resulting in being behind in mortgage
payments. The written authority of the client to my law firm for this Request is
attached hereto and incorporated herein by this reference.

My client is requesting all loss mitigation options under Section 1024.41 of
Regulation X. Please consider this a new application for all loss mitigation options
that are available and provide my client with all of the procedural safeguards and
rights under Regulation X. Please confirm all of the programs and the
documentation and data necessary to submit a "complete" loss mitigation
application under all of the same.

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT G

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Article Number
(Transfer from service label)

7014 3490 0000 3869 0118

PS Form 3811, July 2013          Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____  □ Agent
                              □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

MAR 14 2015

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail   □ Priority Mail Express™
   □ Registered       □ Return Receipt for Merchandise
   □ Insured Mail     □ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    □ Yes

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                         Fax (401) 946-5006

March 6, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client:  Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of
Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective
on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and
Consumer Protection Act provisions regarding mortgage loan servicing. Under these
amendments, you must acknowledge receipt of this Notice within five (5) days thereof
(excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses
to this notice within thirty (30) days of receipt thereof (excluding legal public holidays,
Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and
incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following
categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the
borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the
terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in
violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the
consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as
required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as
required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the
consumer, which includes, for example, a late fee for a payment that was not late, a charge you
imposed for a service that was not provided, a default property-management fee for consumers

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan.  Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you have failed to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.41. You received this request on November 18, 2014 and have not responded. The consumer in this case believes that you did not provide a borrower with all loss mitigation options and all of the procedural safeguards and rights under Regulation X. You have not confirmed all of the programs and the documentation and data necessary to submit a complete loss mitigation application under all of the same. You received this request on November 18, 2014 and have not responded.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

se Number: PC-2015-1864
ed in Providence/Bristol County Superior Court
bmitted: 9/2/2015 5:09:01 PM
nvelope: 318314
eviewer: Alexa Goneconte

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

**Tel. (401) 943-9230**                     **Fax (401) 946-5006**

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client:  Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

**Re: Request for Loss Mitigation Options Pursuant to Section 1024.41 of**
**Regulation X**

Dear Sir or Madam:

The client has experienced increased bills resulting in being behind in mortgage
payments.  The written authority of the client to my law firm for this Request is
attached hereto and incorporated herein by this reference.

My client is requesting all loss mitigation options under Section 1024.41 of
Regulation X.  Please consider this a new application for all loss mitigation options
that are available and provide my client with all of the procedural safeguards and
hts under Regulation X.   Please confirm all of the programs and the
nentation and data necessary to submit a "complete" loss mitigation
on under all of the same.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT H

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wells Fargo Home Mortgage
Attn: Notice of Errors &
Request for Information
P.O. Box 10335
Des Moines, IA 50306

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Joann Miller_   □ Agent
□ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Joann Miller_

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
☑ Certified Mail   □ Priority Mail Express™
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
(Transfer from service label)

7014 2120 0000 7201 4751

PS Form 3811, July 2013   Domestic Return Receipt

ase Number: PC-2015-1864
iled in Providence/Bristol County Superior Court
ubmitted: 9/2/2015 5:09:01 PM
nvelope: 318314
eviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230                                                 Fax (401) 946-5006

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

**Re: Request for Payoff Balance Pursuant to Section 1026.36 of Regulation Z**

Dear Sir or Madam:

This is a Request for a Payoff Balance related your servicing of the mortgage loan of the above-named client. All references herein are to Regulation Z of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1026.36 of Regulation Z, you must within seven (7) days (excluding legal public holidays, Saturdays and Sundays) provide my office with a Payoff Balance regarding the above captioned loan. Please note that under this section, there is no charge for providing the consumer with a "payoff balance."

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT I

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**☰USPS.COM**

# USPS Tracking®

 **Customer Service ›**
Have questions? We're here to help.

 **Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: 70143490000038890088

Updated Delivery Day: Saturday, March 14, 2015

## Product & Tracking Information                          Available Actions

Postal Product:                Features:
                               Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 16, 2015 , 10:19 am | Delivered | DES MOINES, IA 50328 |

Your item was delivered at 10:19 am on March 16, 2015 in DES MOINES, IA 50328.

| | | |
|---|---|---|
| March 14, 2015 , 5:22 am | Arrived at Unit | DES MOINES, IA 50318 |
| March 13, 2015 , 7:40 pm | Departed USPS Facility | DES MOINES, IA 50318 |
| March 13, 2015 , 7:29 pm | Arrived at USPS Facility | DES MOINES, IA 50318 |
| March 11, 2015 , 9:45 pm | Departed USPS Facility | PROVIDENCE, RI 02904 |
| March 11, 2015 , 7:51 pm | Arrived at USPS Facility | PROVIDENCE, RI 02904 |

## Track Another Package                          Manage Incoming Packages

Tracking (or receipt) number                     Track all your packages from a dashboard.
                                                 No tracking numbers necessary.

[                          ]   Track It          **Sign up for My USPS ›**   

| HELPFUL LINKS | ON ABOUT.USPS.COM | OTHER USPS SITES | LEGAL INFORMATION |
|---|---|---|---|
| Contact Us | About USPS Home | Business Customer Gateway | Privacy Policy |
| Site Index | Newsroom | Postal Inspectors | Terms of Use |
| FAQs | USPS Service Updates | Inspector General | FOIA |
| | Forms & Publications | Postal Explorer | No FEAR Act EEO Data |
| | Government Services | National Postal Museum | |
| | Careers | Resources for Developers | |

Copyright © 2015 USPS. All Rights Reserved.

ase Number: PC-2015-1864
led in Providence/Bristol County Superior Court
ubmitted: 9/2/2015 5:09:01 PM
nvelope: 318314
eviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**

**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                         Fax (401) 946-5006

March 6, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address 91 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of
Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective
on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and
Consumer Protection Act provisions regarding mortgage loan servicing. Under these
amendments, you must acknowledge receipt of this Notice within five (5) days thereof
(excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses
to this notice within thirty (30) days of receipt thereof (excluding legal public holidays,
Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and
incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following
categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the
borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the
terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in
violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the
consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as
required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as
required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the
consumer, which includes, for example, a late fee for a payment that was not late, a charge you
imposed for a service that was not provided, a default property-management fee for consumers

ase Number: PC-2015-1864
iled in Providence/Bristol County Superior Court
ubmitted: 9/2/2015 5:09:01 PM
nvelope: 318314
eviewer: Alexa Goneconte

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you did not provide a borrower with a payoff statement within seven business days of receipt of a request pursuant to 12 CFR 1026.36(c)(3). You received this request on November 18, 2014 and have not responded.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

se Number: PC-2015-1864
ed in Providence/Bristol County Superior Court
bmitted: 9/2/2015 5:09:01 PM
velope: 318314
eviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

## 1200 Reservoir Avenue
### Cranston, Rhode Island 02920

Tel. (401) 943-9230                                              Fax (401) 946-5006

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client:  Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Re: Request for Payoff Balance Pursuant to Section 1026.36 of Regulation Z

Dear Sir or Madam:

This is a Request for a Payoff Balance related your servicing of the mortgage loan of the above-named client. All references herein are to Regulation Z of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act.

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1026.36 of Regulation Z, you must within seven (7) days (excluding legal public holidays, Saturdays and Sundays) provide my office with a Payoff Balance regarding the above captioned loan.  Please note that under this section, there is no charge for providing the consumer with a "payoff balance."

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT J

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wells Fargo Home Mortgage
Attn: Notice of Errors &
Request for Information
P.O. Box 10335
Des Moines, IA 50306

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _John Mixxer_  □ Agent  □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:  □ No

3. Service Type
   ☒ Certified Mail   □ Priority Mail Express™
   □ Registered       □ Return Receipt for Merchandise
   □ Insured Mail     □ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    □ Yes

2. Article Number
   (Transfer from service label)

   7014 2120 0000 7201 4737

PS Form 3811, July 2013    Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

**Tel. (401) 943-9230**                                      **Fax (401) 946-5006**

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

**Re: Request for Information Pursuant to Section 1024.36 of Regulation X**

Dear Sir or Madam:

This is a Request for Information relating to your servicing of the mortgage loan of the above-named client. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1024.36(d), you must respond no later than ten (10) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information.

Please provide the following information within the time periods noted herein:

1. The identity of and address for the current owner of the mortgage loan identified herein.
2. The identity of and address for the master servicer of the mortgage loan identified herein.
3. The identity of and address for the current servicer of the mortgage loan identified herein.

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT K

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent
            ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

MAR 14 2015

3. Service Type
   ☐ Certified Mail   ☐ Priority Mail Express™
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 3490 0000 3669 0071

PS Form 3811, July 2013        Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230                                    Fax (401) 946-5006

March 6, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you did not provide a borrower within ten business days the following information pursuant to Section 1024.36(d):**

**1. The identity of and address for the current owner of the mortgage loan identified herein.**

**2. The identity of and address for the master servicer of the mortgage loan identified herein.**

**3. The identity of and address for the current servicer of the mortgage loan identified herein.**

**You received this request on November 18, 2014 and have not responded.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

**Tel. (401) 943-9230**                                    **Fax (401) 946-5006**

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

**Re: Request for Information Pursuant to Section 1024.36 of Regulation X**

Dear Sir or Madam:

This is a Request for information relating to your servicing of the mortgage loan of the above-named client. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Pursuant to Section 1024.36(d), you must respond no later than ten (10) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information.

Please provide the following information within the time periods noted herein:

1.  The identity of and address for the current owner of the mortgage loan identified herein.
2.  The identity of and address for the master servicer of the mortgage loan identified herein.
3.  The identity of and address for the current servicer of the mortgage loan identified herein.

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT L

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Wells Fargo Home Mortgage
Attn: Notice of Errors &
Request for Information
P.O. Box 10335
Des Moines, IA 50306

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail®    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
   7014 2120 0000 7201 4706

PS Form 3811, July 2013        Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230                                               Fax (401) 946-5006

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client:  Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

**Re: Request for Information Pursuant to Section 15 USC 1641(g)**

Dear Sir or Madam:

This is a Request for Information relating to your servicing of the mortgage loan of the above-named client. All references herein are to the Truth In Lending Act ("TILA").  The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference. This request is being made pursuant to the provisions of the Truth in Lending Act, 15 USC 1641(g). This section provides:
**g) Notice of new creditor**
**(1) In general**
**In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—**
**(A) the identity, address, telephone number of the new creditor;**
**(B) the date of transfer;**
**(C) how to reach an agent or party having authority to act on behalf of the new creditor;**
**(D) the location of the place where transfer of ownership of the debt is recorded; and**
**(E) any other relevant information regarding the new creditor.**
Pursuant to TILA, you must respond no later than ten (10) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information.
Please provide the following information within the time periods noted herein:

1.  The identity of and address for the current owner of the mortgage loan identified herein.
2.  The identity of and address for the master servicer of the mortgage loan identified herein.
3.  The identity of and address for the current servicer of the mortgage loan identified herein.

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT M

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

MAR 14 2015

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7014 3490 0000 3889 0125

PS Form 3811, July 2013          Domestic Return Receipt

se Number: PC-2015-1864
ed in Providence/Bristol County Superior Court
bmitted: 9/2/2015 5:09:01 PM
velope: 318314
eviewer: Alexa Goneconte

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                                Fax (401) 946-5006

March 6, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of
Regulation X or the Mortgage Servicing Act under RESPA, which Regulation became effective
on January 10 2014. These amendments implemented the Dodd-Frank Wall Street Reform and
Consumer Protection Act provisions regarding mortgage loan servicing. Under these
amendments, you must acknowledge receipt of this Notice within five (5) days thereof
(excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses
to this notice within thirty (30) days of receipt thereof (excluding legal public holidays,
Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and
incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following
categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the
borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the
terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in
violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the
consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as
required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as
required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the
consumer, which includes, for example, a late fee for a payment that was not late, a charge you
imposed for a service that was not provided, a default property-management fee for consumers

ase Number: PC-2015-1864
led in Providence/Bristol County Superior Court
ubmitted: 9/2/2015 5:09:01 PM
nvelope: 318314
eviewer: Alexa Goneconte

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan.  Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you did not respond to a request for information within thirty business days of receipt of this request.  You received this request on November 18, 2014 and have not responded within thirty business days.**

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis
*Attorney at Law*
**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230

Fax (401) 946-5006

November 15, 2014

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Re: Request for Information Pursuant to Section 15 USC 1641(g)

Dear Sir or Madam:

This is a Request for Information relating to your servicing of the mortgage loan of the above-named client. All references herein are to the Truth In Lending Act ("TILA"). The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference. This request is being made pursuant to the provisions of the Truth in Lending Act, 15 USC 1641(g). This section provides:

g) Notice of new creditor
(1) In general
In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
(A) the identity, address, telephone number of the new creditor;
(B) the date of transfer;
(C) how to reach an agent or party having authority to act on behalf of the new creditor;
(D) the location of the place where transfer of ownership of the debt is recorded; and
(E) any other relevant information regarding the new creditor.
Pursuant to TILA, you must respond no later than ten (10) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information.
Please provide the following information within the time periods noted herein:

1. The identity of and address for the current owner of the mortgage loan identified herein.
2. The identity of and address for the master servicer of the mortgage loan identified herein.
3. The identity of and address for the current servicer of the mortgage loan identified herein.

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT N

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

DES MOINES IA   MAR 11 2015

3. Service Type
   ☐ Certified Mail   ☐ Priority Mail Express™
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 3490 0000 3889 0149

PS Form 3811, July 2013        Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                    Fax (401) 946-5006

March 9, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note "servicing" is defined in § 1024.2(b).

The consumer in this case believes that you have committed error by not sending the consumer monthly periodic statements pursuant to the provisions of 12 CFR 1026.41(e)(3) and 12 CFR 1026.41(d)(8), of Regulation Z. Under Section 1026.41(d)(8) of Regulation Z, the loan servicer is required to send consumer a detailed billing statement.

The consumer did not receive a statement. You did not send the consumer a statement to the consumer's address of 51-53 Outlook Avenue, East Providence, Rhode Island 02914.

You must send the consumer the monthly periodic statements, not the attorney. The address of 1200 Reservoir Avenue, Cranston, Rhode Island 02920 is not the consumer's address. Please do not send the monthly statements to the consumer's attorney. Rather comply with Regulation Z and mail the consumer the monthly statement at the consumer's home address.

Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed _____ (Bristol County Superior Court
Subm_____
Enve_____
Revi_____

**WELLS | HOME**
**FARGO | MORTGAGE**

Page 1 of 4

*Your loan has been referred to foreclosure. The amount to bring it current may vary daily; prior to sending funds, call us for a reinstatement or payoff quote. This does not change a sale date that may be scheduled.*

## Loan Statement

| | |
|---|---|
| Property address: | 51-53 OUTLOOK AVE |
| | EAST PROVIDENCE   RI 02914-3244 |
| Loan number: | 0046377867 |
| Payment due date: | 03/15/15 |
| Statement date: | 03/02/15 |

**Customer Service**

| | |
|---|---|
| Telephone: | 1-800-282-3458 |
| Hours of operation: | Monday - Friday 7am - 8pm CST |
| | Saturday 8am - 2pm CST |
| Online: | wellsfargo.com |

M9DLLSDTFA  027530

#JOHN B. ENNIS, ESQ.
1200 RESERVOIR AVE
CRANSTON   RI 02920

## 1. Payment options

Select your option on the payment coupon below. Please see *choosing your payment options* on reverse side for explanation.

**PAYMENT OPTIONS DO NOT APPLY**

## 2. Current payment explanation

| Payment options | |
|---|---|
| Interest due | 1,130.48 |
| Deferred interest+ | 0.00 |
| Principal paid | 0.26 |
| Escrow | 345.57 |
| Optional product(s) | 0.00 |
| Current payment | 1,476.31 |
| Total past due | 49,294.18 |
| **Total payment** | **50,770.49** |

| Past due amount | Late charges/fees due | Total past due | Total outstanding deferred interest+ | Current interest rate |
|---|---|---|---|---|
| 48,949.08 | 345.10 | 49,294.18 | 4,086.66 | 5.300 |

+See explanation of deferred interest on reverse side under *choosing your payment options*.

## 3. Year-to-date

| Total received* | | Escrow disbursements | |
|---|---|---|---|
| | 0.00 | | |
| Principal | | Taxes | |
| | 0.00 | | 0.00 |
| Interest | | Additional assessments | |
| | 0.00 | | 0.00 |
| Late charges/fees | | Homeowners insurance | |
| | 0.00 | | 0.00 |
| Escrow | | | |
| | 0.00 | | |
| Optional products | | | |
| | 0.00 | | |
| Advance | | | |
| | 0.00 | | |

*This total may include the Unapplied funds balance from the balance summary displayed below.

## 4. Transaction activity

| Date | Description | Total | Principal | Interest paid | Escrow | Optional insurance | Late charges/other fees | Unapplied funds |
|---|---|---|---|---|---|---|---|---|
| 02/17 | FC ATTY. COST | 467.00 | | | | | | |

## 5. Important messages

**wellsfargo.com**

| | | | | |
|---|---|---|---|---|
| Unpaid principal bal | 255,965.83 | Unpaid second principal bal | 0.00 | |
| Escrow bal | -21,581.27 | Unapplied funds bal | 0.00 | Unpaid adv bal   1,133.94   Maturity date 06/2049 |

Your loan is 035 payment(s) past due. Your oldest payment was due 04/15/12.
********If you are having difficulties making your mortgage payments, we encourage you to contact Wells Fargo at 1-888-345-1354. Some of our payment plans may pleasantly surprise you. If your payment has already been made, please disregard this message.
TAX INFORMATION UPDATE: You can access a copy of your 2014 mortgage-related tax document on Wells Fargo Online*. It's simple, secure and free. Documents are posted mid-January and remain available throughout the year. To view or download a copy of your 1098 form, sign in or enroll today at wellsfargo.com/signup.

*Please detach and return with your payment.*

1000046377867000147531005077049005082703000000000000000000000000276320

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Sub...
Env...
Rev...

**WELLS FARGO HOME MORTGAGE**

Loan Statement

## Past Due Account Status

**As of the date of this statement, you are 1051 days delinquent on your account.** Failure to bring your loan current may result in fees, the acceleration of your repayment terms (or request for repayment of your balance in full), or the possibility of loss of your home through foreclosure.

The delinquent amount due on your account is $50,770.49.

### Recent Account History

| Statement Payment Date | Statement Payment Amount | Payment Amount Outstanding * |
|---|---|---|
| 02/15/15 | $1,476.31 | $1,476.31 |
| 01/15/15 | $1,476.31 | $1,476.31 |
| 12/15/14 | $1,476.31 | $1,476.31 |
| 11/15/14 | $1,476.31 | $1,476.31 |
| 10/15/14 | $1,476.31 | $1,476.31 |
| 09/15/14 | $1,476.31 | $1,476.31 |

*This amount does not include unapplied funds.

**As of the date of this statement, Wells Fargo HAS NOT filed an acceleration notice in connection with a foreclosure proceeding as required by applicable state law.**

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT O

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Shawn Miller_   ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Priority Mail Express™
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 1820 0000 8774 3703

PS Form **3811**, July 2013   Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*

**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230

Fax (401) 946-5006

May 14, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

who are not in a delinquency status that would justify the charge, or a charge for force-placed insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to 12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan.  Please note "servicing" is defined in § 1024.2(b).

**The consumer in this case believes that you committed an error by advertising a foreclosure sale for the consumer's property despite the provisions of RIGL 34-27-3.2 which mandates mediation before commencing any advertising for a foreclosure sale pursuant to the exercise of the statutory power of sale.  As a result, unreasonable and unnecessary fees and costs have been charged to the consumer's mortgage loan account.** Please correct all of these errors and provide me with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower through my firm with a notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse information to any consumer reporting agency regarding any payment that is the subject of the Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

34-27-3.2

# TITLE 34
# Property

## CHAPTER 34-27
## Mortgage Foreclosure and Sale

### SECTION 34-27-3.2

§ 34-27-3.2 **Mediation conference.** — *(a) Statement of policy.* It is hereby declared that residential mortgage foreclosure actions, caused in part by unemployment and underemployment, have negatively impacted a substantial number of homeowners throughout the state, creating a situation that endangers the economic stability of many of the citizens of this state as the increasing numbers of foreclosures lead to increases in unoccupied and unattended buildings and the unwanted displacement of homeowners and tenants who desire to live and work within the state.

*(b) Purpose.* The statutory framework for foreclosure proceedings is prescribed under the provisions of chapter 27 of title 34. As the need for a mortgage mediation process has evolved, it is important for the state to develop a standardized, statewide process for foreclosure mediation rather than a process based on local ordinances that may vary from municipality to municipality. By providing a uniform standard for an early HUD-approved, independent counseling process in owner-occupied principal residence mortgage foreclosure cases, the chances of achieving a positive outcome for homeowners and lenders will be enhanced.

*(c) Definitions.* The following definitions apply in the interpretations of the provisions of this section unless the context requires another meaning:

(1) "Default" means the failure of the mortgagor to make a timely payment of an amount due under the terms of the mortgage contract, which failure has not been subsequently cured.

(2) "Department" means the department of business regulation.

(3) "Good Faith" means that the mortgagor and mortgagee deal honestly and fairly with the mediation coordinator with an intent to determine whether an alternative to foreclosure is economically feasible for the mortgagor and mortgagee, as evidenced by some or all of the following factors:

(i) Mortgagee provided notice as required by this section;

(ii) Mortgagee designated an agent to participate in the mediation conference on its behalf, and with the authority to agree to a work-out agreement on its behalf;

(iii) Mortgagee made reasonable efforts to respond in a timely manner to requests for information from the mediation coordinator, mortgagor, or counselor assisting the mortgagor;

(iv) Mortgagee declines to accept the mortgagor's work-out proposal, if any, and the mortgagee provided a detailed statement, in writing, of its reasons for rejecting the proposal;

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alex Wickes

34-27-3.2

Where a mortgagee declines to accept the mortgagor's work-out proposal, the mortgagee offered, in writing, to enter into an alternative work-out/disposition resolution proposal that would result in net financial benefit to the mortgagor as compared to the terms of the mortgage.

(4) "HUD" means the United States Department of Housing and Urban Development and any successor to such department.

(5) "Mediation conference" means a conference involving the mortgagee and mortgagor, coordinated and facilitated by a mediation coordinator whose purpose is to determine whether an alternative to foreclosure is economically feasible to both the mortgagee and the mortgagor, and if it is determined that an alternative to foreclosure is economically feasible, to facilitate a loan workout or other solution in an effort to avoid foreclosure.

(6) "Mediation coordinator" means a person employed by a Rhode Island-based, HUD-approved counseling agency designated to serve as the unbiased, impartial and independent coordinator and facilitator of the mediation conference, with no authority to impose a solution or otherwise act as a consumer advocate, provided that such person possesses the experience and qualifications established by the department.

(7) "Mortgage" means an individual consumer first-lien mortgage on any owner-occupied, one (1)-to-four (4) unit residential property that serves as the mortgagor's primary residence.

(8) "Mortgagee" means the holder of a mortgage, or its agent or employee, including a mortgage servicer acting on behalf of a mortgagee.

(9) "Mortgagor" means the person that has signed a mortgage in order to secure a debt or other duty, or the heir or devisee of such person provided that:

(i) The heir or devisee occupies the property as his or her primary residence; and

(ii) The heir or devisee has record title to the property, or a representative of the estate of the mortgagor has been appointed with authority to participate in a mediation conference.

(d) The mortgagee shall, prior to initiation of foreclosure of real estate pursuant to § 34-27-4(b), provide to the mortgagor written notice at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices, that the mortgagee may not foreclose on the mortgaged property without first participating in a mediation conference. Notice addressed and delivered as provided in this section shall be effective with respect to the mortgagor and any heir or devisee of the mortgagor.

(1) If the mortgagee fails to mail the notice required by this subsection to the mortgagor within one hundred twenty (120) days after the date of default, it shall pay a penalty at the rate of one thousand ($1,000) per month for each month or part thereof, with the first month commencing on the one hundred twenty-first (121st) day after the date of default and a new month commencing on the same day (or if there is no such day, then on the last day) of each succeeding calendar month until the mortgagee sends the mortgagor written notice as required by this section.

Notwithstanding the foregoing, any penalties assessed under this subsection for any failure of any mortgagee to provide notice as provided herein during the period from September 13, 2013, through the effective date of this section shall not exceed the total amount of one hundred twenty-five thousand dollars ($125,000) for such mortgagee.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 8/28/2015 5:09:01 PM
Envelope: 318314
Reviewer: Victoria H.

34-27-3.2

(2) Penalties accruing pursuant to subsection (d)(l) shall be paid to the mediation coordinator prior to the completion of the mediation process. All penalties accrued under this section shall be transferred to the state within one month of receipt by the mediation coordinator and deposited to the restricted receipt account within the general fund established by § 42-128-2(3) and used for the purposes set forth therein.

(3) Issuance by the mediation coordinator of a certificate authorizing the mortgagee to proceed to foreclosure, or otherwise certifying the mortgagee's good-faith effort to comply with the provisions of this section, shall constitute conclusive evidence that, to the extent that any penalty may have accrued pursuant to subsection (d)(1), the penalty has been paid in full by the mortgagee.

(4) Notwithstanding any other provisions of this subsection, a mortgagee shall not accrue any penalty if the notice required by this subsection is mailed to the borrower:

(i) Within sixty (60) days after the date upon which the loan is released from the protection of the automatic stay in a bankruptcy proceeding, or any similar injunctive order issued by a state or federal court, or within one hundred twenty (120) days of the date on which the mortgagor initially failed to comply with the terms of an eligible workout agreement, as hereinafter defined; and

(ii) The mortgagee otherwise complies with the requirements of subsection (d); provided, however, that if the mortgagee fails to mail the notice required by subsection (d) to the mortgagor within the time frame set forth in subsection (d)(4)(i), the mortgagee shall pay a penalty at the rate of one thousand dollars ($1,000) per month for each month or part thereof, with the first month commencing on the thirty-first (31st) day after the date upon which the loan is released from the protection of the automatic stay a bankruptcy proceeding or any similar injunctive order issued by a state or federal court and a new month commencing on the same day (or if there is no such day, then on the last day) of each succeeding calendar month until the mortgagee sends the mortgagor written notice as required by this section. Notwithstanding the foregoing, any penalties assessed under this subsection for any failure of any mortgagee to provide notice as provided herein during the period from September 13, 2013, through the effective date of this section shall not exceed the total amount of one hundred twenty-five thousand dollars ($125,000) for such mortgage.

(5) Notwithstanding any other provisions of this section, a mortgagee may initiate a judicial foreclosure in accordance with § 34-27-1.

(e) A form of written notice meeting the requirements of this section shall be promulgated by the department for use by mortgagees at least thirty (30) days prior to the effective date of this section. The written notice required by this section shall be in English, Portuguese, and Spanish, and may be combined with any other notice required under this chapter or pursuant to state or federal law.

(f) The mediation conference shall take place in person, or over the phone, at a time and place deemed mutually convenient for the parties by an individual employed by a HUD-approved, independent counseling agency selected by the mortgagee to serve as a mediation coordinator, but not later than sixty (60) days following the mailing of the notice. The mortgagor shall cooperate in all respects with the mediation coordinator including, but not limited to, providing all necessary financial and employment information and completing any and all loan resolution proposals and applications deemed appropriate by the mediation coordinator. A mediation conference between the mortgagor and mortgagee conducted by a mediation coordinator shall be provided at no cost to the mortgagor. The HUD-approved counseling agency shall be compensated by the mortgagee at a rate not to exceed five hundred dollars ($500) per engagement.

(g) If, after two (2) attempts by the mediation coordinator to contact the mortgagor, the mortgagor fails

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Ciociolo

34-27-3.2

respond to the mediation coordinator's request to appear at a mediation conference, or the mortgagor fails to cooperate in any respect with the requirements of this section, the requirements of the section shall be deemed satisfied upon verification by the mediation coordinator that the required notice was sent and any penalties accrued pursuant to subsection (d)(1) and any payments owed pursuant to subsection (f) have been paid. Upon verification, a certificate will be issued immediately by the mediation coordinator authorizing the mortgagee to proceed with the foreclosure action, including recording the deed. Such certificate shall be valid until the earlier of:

(1) The curing of the default condition; or

(2) The foreclosure of the mortgagor's right of redemption.

The certificate shall be recorded along with the foreclosure deed. A form of certificate meeting the requirements of this section shall be promulgated by the department for use by mortgagees at least thirty (30) days prior to the effective date of this section.

(h) If the mediation coordinator determines that after a good-faith effort made by the mortgagee at the mediation conference, the parties cannot come to an agreement to renegotiate the terms of the loan in an effort to avoid foreclosure, such good faith effort by the mortgagee shall be deemed to satisfy the requirements of this section. A certificate certifying such good faith effort will be promptly issued by the mediation coordinator authorizing the mortgagee to proceed with the foreclosure action and recording of the foreclosure deed; provided, however, that the mediation coordinator shall not be required to issue such a certificate until any penalties accrued pursuant to subsections (d)(1) and (d)(4)(ii) and any payments owed pursuant to subsection (f) have been paid. Such certification shall be valid until the earlier of:

(1) The curing of the default condition; or

(2) The foreclosure of the mortgagor's equity of redemption. The certificate shall be recorded along with the foreclosure deed. A form of certificate meeting the requirements of this section shall be promulgated by the department for use by mortgagees at least thirty (30) days prior to the effective date of this section.

(i) If the mortgagee and mortgagor are able to reach agreement to renegotiate the terms of the loan to avoid foreclosure, the agreement shall be reduced to writing and executed by the mortgagor and mortgagee. If the mortgagee and mortgagor reach agreement after the notice of mediation conference is sent to the mortgagor, but without the assistance of the mediation coordinator, the mortgagee shall provide a copy of the written agreement to the mediation coordinator. Upon receipt of a written agreement between the mortgagee and mortgagor, the mediation coordinator shall issue a certificate of eligible workout agreement if the workout agreement would result in a net financial benefit to the mortgagor as compared to the terms of the mortgage ("Certificate of Eligible Workout Agreement"). For purposes of this subsection, evidence of an agreement shall include, but not be limited to, evidence of agreement by both mortgagee and mortgagor to the terms of a short sale or a deed in lieu of foreclosure, regardless of whether said short sale or deed in lieu of foreclosure is subsequently completed.

(j) Notwithstanding any other provisions of this section, where a mortgagor and mortgagee have entered into a written agreement and the mediation coordinator has issued a certificate of eligible workout agreement as provided in subsection (i), if the mortgagor fails to fulfill his or her obligations under the eligible workout agreement, the provisions of this section shall not apply to any foreclosure initiated under this chapter within twelve (12) months following the date of the eligible workout agreement. In such case, the mortgagee shall include in the foreclosure deed an affidavit establishing its

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Bradbury

34-27-3.2

processed under this section.

(k) This section shall apply only to foreclosure of mortgages on owner-occupied, residential real property with no more than four (4) dwelling units that is the primary dwelling of the mortgagor and not to mortgages secured by other real property.

(l) Notwithstanding any other provisions of this section, any locally-based mortgagees shall be deemed to be in compliance with the requirements of this section if:

(1) The mortgagee is headquartered in Rhode Island; or

(2) The mortgagee maintains a physical office, or offices, exclusively in Rhode Island from which office, or offices, it carries out full-service mortgage operations, including the acceptance and processing of mortgage payments and the provision of local customer service and loss mitigation and where Rhode Island staff have the authority to approve loan restructuring and other loss mitigation strategies; and

(3) The deed offered by a mortgagee to be filed with the city or town recorder of deeds as a result of a mortgage foreclosure action under power of sale contained a certification that the provisions of this section have been satisfied.

(m) No deed offered by a mortgagee as a result of a mortgage foreclosure action under power of sale shall be submitted to a city or town recorder of deeds for recording in the land evidence records of the city or town until and unless the requirements of this section are met. Failure of the mortgagee to comply with the requirements of this section shall render the foreclosure void, without limitation of the right of the mortgagee thereafter to re-exercise its power of sale or other means of foreclosure upon compliance with this section. The rights of the mortgagor to any redress afforded under the law are not abridged by this section.

(n) Any existing municipal ordinance or future ordinance that requires a conciliation or mediation process as a precondition to the recordation of a foreclosure deed shall comply with the provisions set forth herein and any provisions of said ordinances that do not comply with the provisions set forth herein shall be determined to be unenforceable.

(o) The provisions of this section shall not apply if the mortgage is a reverse mortgage as described in chapter 25.1 of title 34.

(p) *Limitations on actions.* Any person who claims that a foreclosure is not valid due to the mortgagee's failure to comply with the terms of this section shall have one year from the date that the first notice of foreclosure was published to file a complaint in the superior court for the county in which the property is located and shall also file in the records of land evidence in the city or town where the land subject to the mortgage is located a notice of lis pendens, the complaint to be filed on the same day as the notice of lis pendens, or within seven (7) days thereafter. Failure to file a complaint, record the notice of lis pendens and serve the mortgagee within the one-year period shall preclude said mortgagor, or any other person claiming an interest through a mortgagor, from subsequently challenging the validity of the foreclosure. Issuance by the mediation coordinator of a certificate authorizing the mortgagee to proceed to foreclosure or otherwise certifying the mortgagee's good-faith effort to comply with the provisions of this section shall constitute a rebuttable presumption that the notice requirements of subsection (d) have been met in all respects.

History of Section.
(P.L. 2013, ch. 325, § 1; P.L. 2013, ch. 406, § 1; P.L. 2014, ch. 543, § 1.)

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT P

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# EXHIBIT Q

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:11 PM
Envelope: 318314
Reviewer: Alexa Gonecone

**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                        ☐ Agent
                                         ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Priority Mail Express™
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery
4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
(Transfer from service label)
7014 1820 0000 8774 0467

PS Form 3811, July 2013           Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Wells Fargo Home Mortgage<br>P.O. Box 10335<br>Des Moines, IA 50306 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail® ☐ Priority Mail Express™<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ Collect on Delivery<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7014 1820 0000 8774 0467 |

PS Form 3811, July 2013          Domestic Return Receipt

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*
**1200 Reservoir Avenue**
Cranston, Rhode Island 02920

Tel. (401) 943-9230

May 21, 2015

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306

Client: Maryann Mathews
Property Address: 51 Outlook Avenue
East Providence, RI 02914
Account No.: 0046377867

Dear Sir or Madam:

Please consider this letter to constitute a Notice of Error under 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under RESPA, which Regulation became effective on January 10, 2014. These amendments implemented the Dodd-Frank Wall Street Reform and Consumer Protection Act provisions regarding mortgage loan servicing. Under these amendments, you must acknowledge receipt of this Notice within five (5) days thereof (excluding legal public holidays, Saturdays and Sundays) and must advise me of your responses to this notice within thirty (30) days of receipt thereof (excluding legal public holidays, Saturdays and Sundays).

The written authority of the clients to my law firm for this Request is attached hereto and incorporated herein by this reference.

Under Section 1024.35(b) of Amended Regulation X, the term "error" means the following categories of covered errors:

(1) Failure to accept a payment that conforms to the servicer's written requirements for the borrower to follow in making payments.
(2) Failure to apply an accepted payment to principal, interest, escrow, or other charges under the terms of the mortgage loan and applicable law.
(3) Failure to credit a payment to a borrower's mortgage loan account as of the date of receipt, in violation of the prompt crediting provisions in 12 CFR 1026.36(c)(1).
(4) Failure to pay taxes, insurance premiums, or other charges, including charges that the consumer has voluntarily agreed that the servicer should collect and pay, in a timely manner as required by the escrow provisions of § 1024.34(a), or to refund an escrow account balance as required by § 1024.34(b).
(5) Imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the consumer, which includes, for example, a late fee for a payment that was not late, a charge you imposed for a service that was not provided, a default property-management fee for consumers

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

who are not in a delinquency status that would justify the charge, or a charge for force-placed
insurance provisions.

(6) Failure to provide an accurate payoff balance amount upon a borrower's request pursuant to
12 CFR 1026.36(c)(3).

(7) Failure to provide accurate information to a borrower for loss mitigation options and
foreclosure, as required by the early intervention provisions of § 1024.39.

(8) Failure to accurately and timely transfer information relating to the servicing of a borrower's
mortgage loan account to a transferee servicer.

(9) Making the first notice or filing required by applicable law for any judicial or non-judicial
foreclosure process in violation of the loss mitigation procedures of § 1024.41(f) or (j).

(10) Moving for foreclosure judgment or order of sale, or conduction a foreclosure sale in
violation of the loss mitigation procedures of this rule § 1024.41(g) or (j).

(11) Any other error relating to the servicing of the consumer's mortgage loan. Please note
"servicing" is defined in § 1024.2(b).

**The consumer in this case believe that you committed an error by commencing a
foreclosure sale for the consumer's home despite the provisions of RIGL 34-27-3.2 which
mandates mediation before commencing any advertising for a foreclosure sale pursuant to
the exercise of the statutory power of sale. As a result, unreasonable and unnecessary legal
fees, mailing costs, advertising costs and other costs have been charged to the consumer's
mortgage loan account.**

**A copy of the Decision of Justice Van Couyghen of the Rhode Island Superior Court, dated
May 15, 2015 is attached. This Decision indicates that a foreclosure pursuant to R.I.G.L.
34-27-4 cannot be commenced without first complying with the provisions of R.I.G.L. 34-
27-3.2, which mandates mediation for this consumer.**

Please correct all of these errors and provide me with notification of the correction, the date of
the correction, and contact information for further assistance; or after conducting a reasonable
investigation and providing the borrower through my firm with a notification that includes a
statement that the servicer has determined that no error occurred, a statement of the reason or
reasons for this determination, a statement of the borrower's right to request documents relied
upon by the servicer in reaching its determination, information regarding how the borrower can
request such documents, and contact information for further assistance.

Please be advised that for 60 days after receipt of a Notice of Error, you may not furnish adverse
information to any consumer reporting agency regarding any payment that is the subject of the
Notice of Error pursuant to § 1024.35(i).

Sincerely,

John B. Ennis, Esq.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

# John B. Ennis

*Attorney at Law*
**1200 Reservoir Avenue**
**Cranston, Rhode Island 02920**

Tel. (401) 943-9230                              Fax (401) 946-5006

## AUTHORIZATION

I, MARYANN MATHEWS, authorize my Attorney, JOHN B. ENNIS,

ESQ., to communicate on my behalf and/or to discuss with Wells Fargo Bank

N.A. or any other entity or servicer regarding my mortgage serviced by Wells

Fargo Bank, N.A. regarding Loan No.: 004 627760 for the property

located at 51 Outlook Avenue, East Providence, ███████ Rhode Island

02914.

11/7/14
Date

MARYANN MATHEWS
SSN # 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

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me on the ___ day of November, 2014

Notary Public

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

## STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC.                                      SUPERIOR COURT

(FILED: May 15, 2015)

GENE FONTAINE                              :

v.                                         :            C.A. No. PC 2015-0216

US BANK NATIONAL ASSOCIATION, AS           :
TRUSTEE FOR GSR MORTGAGE LOAN              :
TRUST 2004-8F, MORTGAGE                     :
PASS THROUGH CERTIFICATES, SERIES           :
2004-8F, ALIAS AND JOHN DOE, ALIAS          :


ADILSON MONTEIRO                           :

v.                                         :            C.A. No. PC 2015-0777

US BANK, N.A., AS LEGAL TITLE TRUSTEE :
FOR TRUMAN 2013 SC3 TITLE TRUST,           :
ALIAS AND JOHN DOE, ALIAS                   :


GONZALO LINARES                            :
BLANCA LINARES                             :

v.                                         :            C.A. No. PC 2014-6141

US BANK NATIONAL ASSOCIATION               :
AS TRUSTEE FOR THE HOLDERS                 :
OF THE SPECIALTY UNDERWRITING              :
AND RESIDENTIAL FINANCE TRUST,             :
MORTGAGE LOAN ASSET-BACKED                 :
CERTIFICATES, SERIES 2006-BC4, ALIAS,      :
JOHN DOE, ALIAS                            :


LUIS MELGAR                                :

v.                                         :            C.A. No. PC 2014-6140

BANK OF NEW YORK MELLON, FKA               :
THE BANK OF NEW YORK SUCCESSOR             :

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

TRUSTEE TO JPMORGAN CHASE BANK,         :
  N.A. AS TRUSTEE FOR THE HOLDERS        :
OF SAMI TRUST II 2006-AR7 MORTGAGE       :
PASS-THROUGH CERTIFICATES SERIES         :
2006-AR7, ALIAS THE BANK OF NEW YORK :
MELLON FKA THE BANK OF NEW YORK          :
SUCCESSOR TRUSTEE TO JPMORGAN            :
CHASE BANK, N.A. AS TRUSTEE FOR THE      :
STRUCTURED ASSET MORTGAGE                :
INVESTMENTS II TRUST, MORTGAGE           :
PASS-THROUGH CERTIFICATES, SERIES        :
2006-AR7, ALIAS, JOHN DOE, ALIAS          :


CHRISTOPHER PEMENTAL                      :
                                          :
v.                                        :         C.A. No. PC 2015-1043
                                          :
                                          :
THE BANK OF NEW YORK MELLON               :
F/K/A THE BANK OF NEW YORK, AS            :
TRUSTEE FOR THE HOLDERS OF THE            :
CERTIFICATES, FIRST HORIZON               :
MORTGAGE PASS-THROUGH                     :
CERTIFICATES SERIES FHAMA 2004-AA5, :
ALIAS, JOHN DOE, ALIAS                     :


ROBIN MOOREHEAD                           :
                                          :
v.                                        :         C.A. No. PC 2015-0126
                                          :
                                          :
US BANK NATIONAL ASSOCIATION, AS          :
TRUSTEE FOR THE HOLDERS OF                 :
THE SPECIALTY UNDERWRITING AND            :
RESIDENTIAL FINANCE TRUST,                 :
MORTGAGE LOAN ASSET-BACKED                :
CERTIFICATES, SERIES 2007-BC1, ALIAS, :
JOHN DOE, ALIAS                            :

## DECISION

VAN COUYGHEN, J. These cases were consolidated pursuant to Super. R. Civ. P. 42 for the

sole purpose of resolving the common issue concerning the applicability of G.L. 1956 § 34-27-

3.2 to the subject mortgages. All of the above-captioned cases concern nearly identical motions

2

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

for a temporary restraining order and a preliminary injunction on the ground that Defendants[1] scheduled foreclosure sales of Plaintiffs'[2] respective properties in contravention of § 34-27-3.2. That section requires a mortgagee to send a notice stating that the mortgagee cannot foreclose without first participating in a "mediation conference." Also before this Court are Defendants' motions to dismiss arguing that the subject mortgages are not subject to the requirements of § 34-27-3.2.

## I

## Facts and Travel

All of the above-captioned cases concern whether the Defendants are required to send a mediation notice pursuant to § 34-27-3.2(d) before foreclosing on the subject mortgages. For the purposes of this Decision, the parties have submitted a statement of agreed to facts. The relevant undisputed facts, as submitted by the parties, are as follows.

On July 15, 2013, § 34-27-3.2 was enacted with an effective date of September 13, 2013.[3] The statute required that certain mortgagees send a written notice to mortgagors of the right to mortgage mediation prior to the initiation of foreclosure proceedings. Mortgagors that were in default in excess of 120 days were exempt from the notice requirements of the statute. It is undisputed that, as of September 13, 2013, each Plaintiff had failed to make at least four payments under the terms of the mortgage contract, and that these failures have not been

---

[1] As discussed further, infra, all the Defendants in the above-captioned cases are mortgagees seeking to foreclose on the subject properties. Except where otherwise noted, all mortgagees shall hereinafter be referred to collectively as Defendants.

[2] Plaintiffs in the above-captioned cases consist of property owners who have been in default on their mortgages for more than 120 days prior to September 13, 2013.

[3] Defendants erroneously state in their statement of agreed to facts that the effective date of § 34-27-3.2 (prior to the 2014 amendment) was September 12, 2013. The effective date was September 13, 2013. The error does not affect the Court's Decision.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

subsequently cured. (Statement of Facts, ¶ 3.) Thus, pursuant to the 2013 version of § 34-27-3.2, Defendants were not obligated to send a mediation notice prior to initiating foreclosure.

On October 6, 2014, an amended version of § 34-27-3.2 became effective. Id. at ¶ 6. This amendment made a number of changes that are discussed infra. It is undisputed that Defendants mailed the requisite notice of foreclosure sale pursuant to § 34-27-4(b)[4] after the effective date of the amended statute. Id. at ¶ 9. The parties also agree Defendants did not send a notice of the right to mediate pursuant to § 34-27-3.2(d) on or after the effective date of the amended statute.[5] Id. at ¶ 8.

## II

### Standard of Review

#### 1

#### Preliminary Injunction

It is well-settled that this Court, in deciding whether to issue an injunction, considers whether the moving party "(1) has a reasonable likelihood of success on the merits; (2) will suffer irreparable harm without the requested relief; (3) has the balance of equities in his or her favor; and (4) has shown that the requested injunction will maintain the status quo." Pucino v.

---

[4] Section 34-27-4(b) provides as follows:

"(b) Provided, however, that no notice shall be valid or effective unless the mortgagor has been mailed written notice of the time and place of sale by certified mail return receipt requested at the address of the real estate and, if different, at the mortgagor's address listed with the tax assessor's office of the city or town where the real estate is located or any other address mortgagor designates by written notice to mortgagee at his, her, or its last known address, at least twenty (20) days for mortgagors other than individual consumer mortgagors, and at least thirty (30) days for individual consumer mortgagors, days prior to the first publication, including the day of mailing in the computation. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this provision."

[5] The Court notes that Plaintiffs also make various claims challenging Defendants' authority to foreclose. These claims are not presently before this Court.

4

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

Uttley, 785 A.2d 183, 186 (R.I. 2001) (citing Iggy's Doughboys, Inc. v. Giroux, 729 A.2d 701, 705 (R.I. 1999)). When balancing the equities, the Court must also consider the public interest in granting or denying injunctive relief. In re State Emps.' Unions, 587 A.2d 919, 925 (R.I. 1991). The moving party is not required to establish a certainty of success when proving the likelihood of success on the merits, but instead is merely required to make out a prima facie case. DiDonato v. Kennedy, 822 A.2d 179, 181 (R.I. 2003) (citing Fund for Cmty. Progress v. United Way of Se. New England, 695 A.2d 517, 521 (R.I. 1997)). Further, the function "'of a preliminary injunction is not ordinarily to achieve a final and formal determination of the rights of the parties or of the merits of the controversy, but is merely to hold matters . . . in status quo, and in the meantime to prevent the doing of any acts whereby the rights in question may be irreparably injured or endangered.'" Fund for Cmty. Progress, 695 A.2d at 521 (quoting Coolbeth v. Berberian, 112 R.I. 558, 564, 313 A.2d 656, 659 (1974)).

2

## Motion to Dismiss

"The sole function of a motion to dismiss is to test the sufficiency of the complaint." Palazzo v. Alves, 944 A.2d 144, 149 (R.I. 2008) (citation omitted). Looking at the four corners of the complaint, this Court examines that pleading and assumes that the allegations contained in a plaintiff's complaint are true, viewing them in a light most favorable to the plaintiff. Barrette v. Yakavonis, 966 A.2d 1231, 1234 (R.I. 2009). Our Supreme Court has noted that the pleading rules are to be liberally interpreted so that "cases in our system are not . . . disposed of summarily

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

on arcane or technical grounds."[6] Konar v. PFL Life Ins. Co., 840 A.2d 1115, 1118 (R.I. 2004)
(citation omitted).

While the pleading does not need to include the ultimate facts to be proven or the precise
legal theory upon which the claims are based, the complaint is required to provide the opposing
party with fair and adequate notice of any claims being asserted. Barrette, 966 A.2d at 1234.
The goal is to give defendants sufficient notice of the type of claim being asserted against them.
See Konar, 840 A.2d at 1119; see also Berard v. Ryder Student Transp. Servs., Inc., 767 A.2d
81, 85 (R.I. 2001). Consequently, "[a] motion to dismiss is properly granted 'when it is clear
beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant
under any set of facts that could be proven in support of the plaintiff's claim.'" Woonsocket
Sch. Comm. v. Chafee, 89 A.3d 778, 787 (R.I. 2014) (citation omitted).

## III

## Analysis

## A

## The Statutory Framework

## 1

## The 2013 Statute

As stated above, § 34-27-3.2 was first enacted on July 15, 2013 and became effective on
September 13, 2013 (the 2013 Statute). This statute mandated that, subject to some limitations, a
mortgagee must notify the mortgagor that the mortgagee cannot foreclose without first
participating in a mediation conference (the mediation notice). Specifically, the 2013 Statute

---

[6]  The Court notes that the Rhode Island Supreme Court has not adopted the "[f]ederal guide of
plausibility" set forth in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007). See Chhun v. Mortg. Elec. Registration Sys., Inc., 84 A.3d
419, 422 (R.I. 2014).

ase Number: PC-2015-1864
led in Providence/Bristol County Superior Court
ubmitted: 9/2/2015 5:09:01 PM
nvelope: 318314
eviewer: Alexa Goneconte

stated that "[w]hen a mortgage is not more than one hundred twenty (120) days delinquent, the

mortgagee . . . shall provide to the mortgagor written notice . . . that the mortgagee may not

foreclose on the mortgaged property without first participating in a mediation conference."

Pursuant to subsection (g), this mediation conference must take place "not later than sixty (60)

days following the mailing of the [mediation] notice." The 2013 Statute also made clear that the

"[f]ailure of the mortgagee to comply with the requirements of this section shall render the

foreclosure void . . . ." Sec. 34-27-3.2(m). Consequently, the present mortgages were exempt

from the 2013 Statute since they were more than 120 days delinquent on September 13, 2013

(the effective date of the 2013 Statute).

2

The 2014 Statute

However, the 2013 Statute was amended on July 8, 2014 with an effective date of

October 6, 2014 (the 2014 Statute). See § 34-27-3.2, as amended by P.L. 2014, ch. 543, § 1.

The 2014 Statute kept many of the original requirements with two relevant changes. First, the

2014 Statute removed language that had limited the scope of the 2013 Statute to only those

mortgages not more than 120 days delinquent. Instead, subsection (d) of the 2014 Statute states

that "[t]he mortgagee shall, prior to initiation of foreclosure of real estate pursuant to § 34-27-

4(b), provide to the mortgagor written notice . . . that the mortgagee may not foreclose on the

mortgaged property without first participating in a mediation conference." Section 34-27-4(b)

also dictates that a mortgagee initiates a non-judicial foreclosure proceeding by sending a notice

of sale to a mortgagor.[7]

---

[7]  Section 34-27-4(b) states that the notice of the sale be sent by certified mail return receipt
requested, specify the time and date of the planned sale and be mailed at least thirty (30) days
prior to the first publication (this applies to individual consumer mortgagors; the notice of sale

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

Second, the 2014 Statute imposes monetary penalties against mortgagees for noncompliance. If a mortgagee fails to mail the required mediation notice within 120 days after the date of default, it must pay a penalty at the rate of $1000 per month starting on the 121st day after the date of default. Sec. 34-27-3.2(d)(1). However, the statute also specifies that "any penalties assessed under this subsection for any failure of any mortgagee to provide notice as provided herein during the period from September 13, 2013, through the effective date of this section [October 6, 2014] shall not exceed the total amount of one hundred twenty-five thousand dollars ($125,000) for such mortgagee." Id.

## B

### Plaintiffs' Motions for Preliminary Injunction

#### 1

##### Likelihood of Success on the Merits

Plaintiffs argue that they are entitled to injunctive relief because Defendants failed to comply with the mediation requirement of § 34-27-3.2. Thus, these cases present an issue of statutory construction. "When the statutory language is clear and unambiguous, [the Court] give[s] the words their plain and ordinary meaning." Morel v. Napolitano, 64 A.3d 1176, 1179 (R.I. 2013). Accordingly, "'when [the Court] examine[s] an unambiguous statute, there is no room for statutory construction and [the Court] must apply the statute as written.'" Id. (quoting Mut. Dev. Corp. v. Ward Fisher & Co., 47 A.3d 319, 328 (R.I. 2012)).

---

must be sent twenty (20) days before the first publication for all other mortgagors). Pursuant to § 34-27-4(a), the mortgagee must also advertise the sale in a public newspaper; "the first publication of the notice shall be at least twenty-one (21) days before the day of sale . . . ." The other specific requirements for advertisement under § 34-27-4(a) are not relevant to the present case.

8

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

Here, subsection (d) of the 2014 Statute clearly states that "[t]he mortgagee shall, prior to initiation of foreclosure of real estate pursuant to § 34-27-4(b), provide to the mortgagor written notice . . . that the mortgagee may not foreclose on the mortgaged property without first participating in a mediation conference." Sec. 34-27-3.2(d). Therefore, by applying the statute's plain language, it appears that the present mortgages are subject to the mediation requirement. Defendants, however, argue that the statute must be read to exempt them from the mediation requirement because applying the mediation requirement to the present mortgages would (1) violate Defendants' due process rights, and (2) contravene the other subsections of the 2014 Statute.

### i. Due Process

Defendants argue that the present mortgages are exempt from the mediation requirement. To hold otherwise, they argue, would result in the retroactive application of the 2014 Statute and thus violate their substantive due process rights.[8] "Due process prohibits legislation that would retroactively unreasonably impair substantive rights, or 'impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.'" R.I. Depositors Econ. Prot. Corp. v. Brown, 659 A.2d 95, 102 (R.I. 1995) (quoting Landgraf v. USI Film Prods., 114 S.Ct. 1483, 1505 (1994)). The Rhode Island Supreme Court, "when confronted with a due process challenge to a retroactive statute, has traditionally held that the purpose of a statute must be such that, on balance, outweighs the unfairness of retroactivity." Id. This Court also notes "the principle that legislative enactments of the General Assembly are presumed to be valid and constitutional." Newport Court Club Assocs. v. Town Council of Middletown, 800 A.2d 405, 409 (R.I. 2002).

_____

[8] Substantive due process is embodied in both our state and federal constitutions. See U.S. Const. Amend. XIV; R.I. Const. art. I, sec. 2.

9

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

First, this Court must determine if the 2014 Statute is "retroactive in nature." Brown, 659 A.2d at 102. "[I]n determining whether a statute is retroactive one must look to see 'whether the [statute] attaches new legal consequences to events completed before its enactment.'" Id. (quoting Landgraf, 114 S.Ct. at 1499).

As stated above, the 2014 Statute clearly states that "[t]he mortgagee shall, prior to initiation of foreclosure of real estate pursuant to § 34-27-4(b), provide to the mortgagor written notice . . . that the mortgagee may not foreclose on the mortgaged property without first participating in a mediation conference." Sec. 34-27-3.2(d). In sum, the 2014 Statute requires mortgagees to send a notice of the right to mediate before sending a notice of sale pursuant to § 34-27-4(b).

Defendants argue that they initiated foreclosure before the effective date of the 2014 Statute (October 6, 2014), and therefore, any application of the 2014 Statute to the present cases would be retroactive in nature. While the 2014 Statute refers to § 34-27-4(b) and its requisite notice of sale as initiating foreclosure, Defendants note that, at the time of Plaintiffs' defaults, § 34-27-3.1 was in effect and required a mortgagee to send a notice of default before it could send a notice of sale.[9] Given that the notice of default pursuant to § 34-27-3.1 was a prerequisite to the notice of sale under § 34-27-4(b), Defendants contend that foreclosure was initiated when it sent Plaintiffs the notices of default, all of which were sent before the effective date of the 2014 Statute (October 6, 2014).

However, the plain language of § 34-27-3.1 belies Defendants' arguments. That section read, in pertinent part, as follows:

---

[9] Public Law 2014, ch. 543, § 2 repealed § 34-27-3.1. See P.L. 2014, ch. 543, § 2 ("Section 34-27-3.1 of the General Laws in Chapter 34-27 entitled 'Mortgage Foreclosure and Sale' is hereby repealed.").

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

> "No less than forty-five (45) days prior to initiating any foreclosure
> of real estate pursuant to subsection 34-27-4(b), the mortgagee
> shall provide to an individual consumer mortgagor written notice
> of default and the mortgagee's right to foreclose . . . ."

Clearly, the statute specifically references § 34-27-4(b) as constituting the initiation of foreclosure. Contrary to Defendants' arguments, therefore, the notice sent pursuant to § 34-27-3.1 did not initiate a foreclosure.

Consequently, in applying the mediation requirement to Plaintiffs' mortgages, this Court would not be applying the 2014 Statute retroactively, but rather prospectively, since Defendants did not initiate foreclosure until they sent the § 34-27-4(b) notices of the sale to Plaintiffs, which was after the effective date of the 2014 Statute (October 6, 2014). As such, the 2014 Statute did not "attach[] new legal consequences to events completed before its enactment[,]" because Defendants did not initiate foreclosure until after the 2014 Statute became effective. See Brown, 659 A.2d at 102 (quoting Landgraf, 114 S.Ct. at 1499).

Further, even if, arguendo, the 2014 Statute were retroactive in nature, "it does not necessarily follow that the statute is unconstitutional." Id. at 103. The Rhode Island Supreme Court "has traditionally employed a balancing test in cases involving retroactive statutes in which the court weighs the public interest in retroactivity against the unfairness created." Id.

The substantial public interest in requiring mediation prior to foreclosure is enshrined in the statute itself. The statute, in its stated purpose section, declares that by requiring mediation prior to foreclosure, "the chances of achieving a positive outcome for homeowners and lenders will be enhanced." Sec. 34-27-3.2(b). The statute also goes on to state that the increase in foreclosure actions in recent years has "negatively impacted a substantial number of homeowners throughout the state, creating a situation that endangers the economic stability of many of the citizens of this state." Sec. 34-27-3.2(a). Further, this Court notes the general public interest

11

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

served in resolving disputes through mediation. See, e.g., Skaling v. Aetna Ins. Co., 799 A.2d 997, 1012 (R.I. 2002) ("It is the policy of this state to encourage the settlement of controversies in lieu of litigation."); Homar, Inc. v. N. Farm Assocs., 445 A.2d 288, 290 (R.I. 1982) ("Our policy is always to encourage settlement. Voluntary settlement of disputes has long been favored by the courts.").

Weighted against this substantial public interest is the alleged unfairness of requiring mediation of mortgages that have been in default for multiple years. However, the 2014 Statute does not abrogate Defendants' rights in the respective properties. Rather, the mediation statute simply requires Defendants to send a mediation notice in order to attempt to achieve a resolution prior to foreclosure. If a resolution cannot be reached or Plaintiffs fail to respond to the notice, then Defendants can proceed with foreclosure. See § 34-27-3.2(g). Moreover, the mediation requirement does not amount to a lengthy delay of foreclosure since the statute makes clear that the mediation conference must take place within sixty days of the mortgagee sending the mediation notice. Sec. 34-27-3.2(f) ("The mediation conference shall take place in person, or over the phone, at a time and place deemed mutually convenient for the parties . . . not later than sixty (60) days following the mailing of the notice."). Accordingly, the important public interest in addressing the foreclosure crisis and this Court's strong public policy favoring mediation outweigh the alleged unfairness of requiring the parties to mediate before foreclosure can occur. See Homar, Inc., 445 A.2d at 290.

### ii. Applicability of the 2014 Statute

Next, Defendants contend that other subsections of the 2014 Statute signify that loans with a default date prior to May 16, 2013 are exempt from the mediation requirement. Specifically, Defendants rely on subsection 3.2(d)(1), which imposes penalties on mortgagees

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

that fail to comply with the 2014 Statute's requirements. This subsection provides that if a mortgagee fails to mail the required mediation notice within 120 days after the date of default, it must pay a penalty at the rate of $1000 per month starting on the 121st day after the date of default. Sec. 34-27-3.2(d)(1). The statute goes on to state that "any penalties assessed under this subsection for any failure of any mortgagee to provide notice as provided herein during the period from September 13, 2013, through the effective date of this section [October 6, 2014] shall not exceed the total amount of one hundred twenty-five thousand dollars ($125,000) for such mortgagee." Sec. 34-27-3.2(d)(1).

As indicated above, the 2013 Statute, effective September 13, 2013, first created the mediation notice requirement. Since the 2013 Statute exempted those mortgages that were more than 120 days delinquent as of September 13, 2013, in effect the 2013 Statute applied to those loans with a default date on or after May 16, 2013.

Defendants stress the fact that the 2014 Statute caps fines for the period from September 13, 2013 through the effective date of the 2014 Statute (October 6, 2014) at $125,000. According to Defendants, the 2014 Statute's mention of September 13, 2013 (the effective date of the 2013 Statute) signifies that the Legislature intended to impose a penalty against any mortgagee that was required to send a mediation notice under the 2013 Statute, but failed to do so. Since the mortgages at issue in the present cases were exempt from the 2013 Statute, Defendants assert that it would violate due process to impose a penalty upon them.[10]

---

[10] Defendants also argue that any imposition of the statutory penalty would violate the constitutional prohibition against ex post facto laws. See R.I. Const. art. I, § 12 ("No ex post facto law, or law impairing the obligation of contracts, shall be passed."). "A violation of the ex post facto clause occurs only when there is retrospective application of law that disadvantages an offender 'by altering the definition of criminal conduct or increasing the punishment for the crime.'" Town of W. Warwick v. Local 1104, Int'l Ass'n of Firefighters, AFL-CIO, CLC, 745 A.2d 786, 788 (R.I. 2000) (quoting State v. Desjarlais, 731 A.2d 716, 717-18 (R.I. 1999) (per

13

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

Consequently, Defendants contend that the General Assembly could not have intended the 2014 Statute to apply to those mortgages previously exempt under the 2013 Statute.

As an initial matter, the issue before this Court is whether Plaintiffs have a reasonable likelihood of demonstrating that Defendants were required to send a mediation notice pursuant to the 2014 Statute. The question of what, if any, penalties should or should not be imposed upon Defendants is not before this Court. However, Defendants argue that it would be inconsistent for the General Assembly to expand the mediation mandate to apply to mortgages irrespective of the length of delinquency and then penalize mortgagees that were previously exempt under the 2013 Statute.

In advancing their argument, Defendants rely on the well-settled canon of statutory construction that "[w]hen construing a statute, 'this [C]ourt has the responsibility of effectuating the intent of the Legislature by examining a statute in its entirety and giving the words their plain

---

curiam)). Further, "[i]t is black letter law that the ex post facto clause in both our state and federal constitutions only prohibit retroactive penal legislation." Id. (emphasis in original). Since the 2014 Statute imposes a civil penalty, the ex post facto clause does not apply. See id. (holding that town charter amendments did not violate the ex post facto clause because "[t]he town charter amendments in question provide no criminal penalties and the loss of employment at most was merely a civil penalty[]") (emphasis in original). Regardless, this Court interprets the penalty provision as only applying when the duty to mediate arose; therefore, Defendants would not be subject to the penalties for the time period before the effective date of the 2014 Statute since the subject mortgages were previously exempt from the mediation requirement. See State v. Allen, 68 A.3d 512, 516 (R.I. 2013) ("[The Court] 'will attach every reasonable intendment in favor of . . . constitutionality in order to preserve the statute.'" (quoting State v. Russell, 890 A.2d 453, 458 (R.I. 2006))).

Defendants also made a cursory argument that interpreting the 2014 Statute to require them to send a mediation notice prior to foreclosure would violate the Contract Clause of the Rhode Island Constitution. See R.I. Const. art. 1, § 12 ("No ex post facto law, or law impairing the obligation of contracts, shall be passed."). The Court notes that Defendants made no substantive argument regarding the Contract Clause other than a conclusory statement that this constitutional provision is implicated. See Wilkinson v. State Crime Lab. Comm'n, 788 A.2d 1129, 1132 n.1 (R.I. 2002) (noting that simply stating an issue without a meaningful discussion does not assist the Court in its analysis); see also Town of Coventry v. Baird Props., LLC., 13 A.3d 614, 619 (R.I. 2011). Regardless, this Court fails to see how the mediation requirement impairs Defendants' contracts.

14

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

and ordinary meaning.'" Nassa v. Hook-SupeRx, Inc., 790 A.2d 368, 370 (R.I. 2002) (quoting Matter of Falstaff Brewing Corp. Re: Narragansett Brewery Fire, 637 A.2d 1047, 1049 (R.I. 1994)). Consequently, it is the Court's task, "whenever possible, to construe laws 'such that they will harmonize with each other and be consistent with their general objective scope.'" DaPonte v. Ocean State Job Lot, Inc., 21 A.3d 248, 251 (R.I. 2011) (quoting In re Doe, 717 A.2d 1129, 1132 (R.I. 1998)). In this regard, "'when apparently inconsistent statutory provisions are questioned, every attempt should be made to construe and apply them so as to avoid the inconsistency . . .'" Martone v. Johnston Sch. Comm., 824 A.2d 426, 432 (R.I. 2003) (quoting Brennan v. Kirby, 529 A.2d 633, 637 (R.I. 1987)).

With these principles in mind, the Court notes that the 2013 Statute essentially created two categories of mortgages: (1) those mortgages that were delinquent for 120 days or less on September 13, 2013 (the effective date of the 2013 Statute) and, therefore, subject to the mediation requirement; and (2) mortgages that were more than 120 days delinquent on September 13, 2013 such that they were exempt from the mediation requirement. In effect, mortgages with a default date before May 16, 2013 did not have to mediate, while those with a default date on or after May 16, 2013 did. The 2014 Statute, however, eliminated this distinction such that all mortgages, regardless of default date, are subject to the mediation requirement (so long as, on October 6, 2014 (the effective date of the 2014 Statute), the mortgagee had not yet initiated foreclosure by sending a notice of sale pursuant to § 34-27-4(b)).[11]

---

[11] The Court notes that Plaintiffs also cite 12 C.F.R. § 1024.41, entitled Regulation X, in support of their argument that the mediation requirement applies to the subject mortgages. Specifically, Plaintiffs rely on § 1024.41(f), which states that, "A servicer shall not make the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process unless: (i) A borrower's mortgage loan obligation is more than 120 days delinquent . . . ." However, the Court fails to see the relevancy of this regulation. All Plaintiffs were more than 120 days delinquent when Defendants sought to foreclose. Moreover, there is no evidence that Plaintiffs

15

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

Given the above history, the penalty provisions of the 2014 Statute can be read as attaching only after the duty to mediate arose. For those mortgages that were subject to the 2013 Statute, the duty to mediate arose on September 13, 2013, the effective date of the 2013 Statute. Therefore, said mortgagees are subject to fines starting on that date for every month they failed to send a mediation notice. For those mortgages that were previously exempt under the 2013 Statute (but are now subject to the mediation requirement under the 2014 Statute), the duty to mediate arose on October 6, 2014, the effective date of the 2014 Statute.

Accordingly, the statute need not be read to penalize Defendants from the date of Plaintiffs' defaults since there was no duty to mediate at that time. See Allen, 68 A.3d at 516 ("[The Court] 'will attach every reasonable intendment in favor of . . . constitutionality in order to preserve the statute.'" (quoting Russell, 890 A.2d at 458)). In this way, the clear mandate and broad applicability of the statute stands, while mortgagees previously exempt from mediating under the terms of the 2013 Statute are not penalized for failing to send a mediation notice before that obligation arose. See Mackie v. State, 936 A.2d 588, 595 (R.I. 2007) ("It is well settled that this Court presumes that legislative enactments are valid and constitutional.").

Such an interpretation also comports with the legislative history of the 2014 Statute. "When construing statutes, this Court's role is 'to determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes.'" Such v. State, 950 A.2d 1150, 1155-56 (R.I. 2008) (quoting Brennan, 529 A.2d at 637). "To find the legislative intent [this Court] must look at the language of the statute and examine its legislative history." Nugent ex rel. Manning v. La France, 91 R.I. 398, 400, 164 A.2d 230, 231 (1960). In examining the legislative history, the Court "may consider the history

---

submitted a "loss mitigation application," as required by the regulation. See generally 12 C.F.R. § 1024.41. Therefore, Regulation X has no bearing on this Court's determinations.

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

of [a] phrase as it finally evolved, with particular reference to the language used in earlier statutes." Israel-British Bank (London) Ltd. v. Fed. Deposit Ins. Corp., 536 F.2d 509, 512 (2d Cir. 1976); see also Sullivan v. Chief Justice for Admin. & Mgmt. of Trial Court, 858 N.E.2d 699, 708-09 (Mass. 2006) ("'Statutes are to be interpreted, not alone according to their simple, literal or strict verbal meaning, but in connection with their development, their progression through the legislative body, the history of the times, [and] prior legislation . . . .'") (quoting Murphy v. Bohn, 377 Mass. 544, 548, 387 N.E.2d 119 (1979)).

The first version of the 2014 Statute was introduced on June 5, 2014 (the June 2014 Version). See H.R. H-8293, 2014 Leg., Jan. Sess. (R.I. 2014). Significantly, section 3 of the June 2014 Version limited the applicability of the mediation requirement to only those mortgages with a default date on or after May 16, 2013. This limitation is significant because, as explained above, May 16, 2013 was the cutoff date for the applicability of the 2013 Statute; mortgages with a default date before May 16, 2013 were exempt from the 2013 Statute while those with a default date on or after May 16, 2013 were not. As such, the June 2014 bill as originally introduced did not apply to those mortgages previously exempt from the mediation requirement under the 2013 Statute.

However, this exclusionary language was removed from the final bill.[12] Compare H.R. H-8293, 2014 Leg., Jan. Sess. (R.I. 2014) with P.L. 2014, ch. 543, § 3 and H.R. H-8293 Sub. A, 2014 Leg., Jan. Sess. (R.I. 2014). It appears, therefore, that the General Assembly intended for the 2014 Statute to apply to all mortgages where foreclosure had not yet been initiated pursuant

---

[12] Section 3 of the June 2014 Version reads as follows: "Section 1 of this act [amending § 34-27-3.2] shall take effect upon passage and shall apply to all mortgages with a default date on or after May 16, 2013. The Remainder of this act shall take effect upon passage." However, Section 3 of the final version of the bill that the General Assembly passed on July 8, 2014 reads as follows: "This act shall take effect ninety (90) days following passage and it shall expire on July 1, 2018." See P.L. 2014, ch. 543, § 3.

17

ase Number: PC-2015-1864
ed in Providence/Bristol County Superior Court
ubmitted: 9/2/2015 5:09:01 PM
nvelope: 318314
eviewer: Alexa Geconconte

to § 34-27-4(b), irrespective of whether those mortgages were exempt under the 2013 Statute.

See Russello v. United States, 464 U.S. 16, 23-24 (1983) ("Where Congress includes limiting language in an earlier version of a bill but deletes it prior to enactment, it may be presumed that the limitation was not intended."); State of R.I. v. Narragansett Indian Tribe, 19 F.3d 685, 700 (1st Cir. 1994) ("When Congress includes limiting language in an early version of proposed legislation, and then rewrites the bill prior to enactment so as to scrap the limitation, the standard presumption is that Congress intended the proviso to operate without limitation.").

### iii. Local Conciliation Ordinances

Defendants also argue that the 2014 Statute must be interpreted so that the subject mortgages remain exempt from the mediation requirement because the 2014 Statute did not wholly preempt local mediation ordinances. Subsection (n) of the 2014 Statute (formerly subjection (o) in the 2013 Statute), addresses local mediation ordinances, and provides as follows:

> "Any existing municipal ordinance or future ordinance that requires a conciliation or mediation process as a precondition to the recordation of a foreclosure deed shall comply with the provisions set forth herein and any provisions of said ordinances that do not comply with the provisions set forth herein shall be determined to be unenforceable." Sec. 34-27-3.2(n).

Defendants also specifically cite the City of Providence Code of Ordinances, Chapter 13, Article IV 13-19 to 13-23, entitled "Residential Owner-Occupied Mortgage Foreclosure Intervention," which states that "no deed offered by a lender/mortgagee to be filed with the recorder of deeds as a result of a mortgage foreclosure action shall be accepted and/or recorded in the land evidence records of the city until and unless . . . the parties shall participate in a mandatory loan/mortgage conciliation conference at a location mutually convenient to the parties." Relying on the just-quoted provisions, Defendants assert that it would be "illogical" for the 2014 Statute to authorize

18

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

cities and towns to adopt ordinances that "mirrored in every significant particular the terms of the state statute." (Defs.' Mem. in Opp'n to Pl.'s Mot. for TRO and Prelim. Inj., Fontaine, 12.) As such, Defendants urge this Court to read into the 2014 Statute a limitation that mortgages previously exempt under the 2013 Statute remain exempt.

This Court fails to see how the City of Providence ordinance, and other similar municipal ordinances, support Defendants' argument that the 2014 Statute cannot be applied to the subject mortgages. As stated above, the 2014 Statute has a clear mandate: "[t]he mortgagee shall, prior to initiation of foreclosure of real estate pursuant to § 34-27-4(b), provide to the mortgagor written notice . . . that the mortgagee may not foreclose on the mortgaged property without first participating in a mediation conference." Sec. 34-27-3.2(d). The General Assembly, therefore, specifically eliminated the 120 day delinquency limitation that existed in the 2013 Statute. Since it is not within the province of this Court to reinsert such a limitation into the statute, Defendants' argument on this point is unavailing. See, e.g., In re Proposed Town of New Shoreham Project, 25 A.3d 482, 511 (R.I. 2011) ("'It is not the function of this [C]ourt to rewrite or to amend statutes enacted by the General Assembly.'" (quoting Pierce v. Pierce, 770 A.2d 867, 872 (R.I. 2001))); State v. Fuller-Balletta, 996 A.2d 133, 143 (R.I. 2010) ("It is not the function of the Court to add language to an otherwise clear and unambiguous enactment.").

### iv. The Effect of Regulations

Lastly, Defendants contend that the regulations promulgated by the Department of Business Regulations (the Department) exempt Plaintiffs' mortgages from the mediation requirement. Subsection (e) of the 2014 Statute states that "[a] form of written notice meeting the requirements of this section shall be promulgated by the department for use by mortgagees at least thirty (30) days prior to the effective date of this section." Sec. 34-27-3.2(e). The same

19

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

provision appeared in the 2013 Statute. Accordingly, after the enactment of the 2013 Statute, the Department promulgated Regulation 5 wherein it specifically exempted "mortgages on which the Mortgagor was 120 days or more delinquent on or before September 12, 2013." This limitation was consistent with the 2013 Statute.[13]

However, after the enactment of the 2014 Statute, the Department amended its regulations, but the exemption for mortgages that were more than 120 days delinquent remained. Accordingly, Defendants posit that Regulation 5 indicates that Plaintiffs' mortgages remain exempt from the 2014 Statute.

As an initial matter, subsection (e) of the 2014 Statute only gives the Department authority to promulgate regulations "meeting the requirements of this section." Sec. 34-27-3.2(e). The 2014 Statute specifically eliminated the 120 day delinquency limitation from the 2013 Statute. As such, Regulation 5 does not appear to meet the requirements of the current statute. In enacting regulations, the Department "is bound by the acts of the General Assembly that empower it." Clarke v. Morsilli, 714 A.2d 597, 600 (R.I. 1998). Moreover, the Rhode Island Supreme Court has made clear that all state agencies are "subject to enacted statutory law which is presumed to be valid." DeAngelis v. R.I. Ethics Comm'n, 656 A.2d 967, 970 (R.I. 1995). Accordingly, Defendants cannot rely on Regulation 5 to defeat Plaintiffs' motion in light of the statute's clear mandate.

---

[13] The effective date of the 2013 Statute was September 13, 2013, and it applied to all mortgages that were 120 days or less in default. As such, all mortgages with a default date on or after May 16, 2013 were subject to the 2013 Statute. Therefore, Regulation 5 exempted loans with a default date 120 days prior to September 12, 2013 because loans that were 120 days or more in default on September 12, 2013 (the day before the 2013 Statute became effective) were exempt from the mediation requirement.

20

ase Number: PC-2015-1864
iled in Providence/Bristol County Superior Court
ubmitted: 9/2/2015 5:09:01 PM
nvelope: 318314
Reviewer: Alexa Goneconte

### v. Conclusion on Likelihood of Success on the Merits

In sum, this Court finds that Plaintiffs have a reasonable likelihood of success in demonstrating that Defendants were obligated to comply with the 2014 Statute, given (1) the clear mandate of the statute; (2) the fact that the General Assembly specifically removed limiting language from previous versions of the statute; and (3) the statute's broad remedial purpose.

### 2

### Irreparable harm

This Court must next consider whether Plaintiffs will suffer irreparable harm if the preliminary injunction is not granted. To justify a preliminary injunction, irreparable harm must be "presently threatened or imminent and for which no adequate legal remedy exists to restore that plaintiff to its rightful position." Fund for Cmty. Progress, 695 A.2d at 521.

Here, without an injunction, foreclosure on the properties at issue may proceed resulting in the loss of Plaintiffs' homes. Further, as this Court noted above, such a foreclosure would likely directly contravene the requirements of the 2014 Statute since Defendants have failed to send the requisite mediation notice. Accordingly, "[t]his is precisely the type of irreparable injury for which an injunction is appropriate since a legal remedy such as monetary damages would be inadequate to compensate the victim for its loss." Id. at 523.

### 3

### Balance of the Equities

In balancing the equities, a court must consider harms to the plaintiff if the preliminary injunction is denied, harms to the defendant if the preliminary injunction is granted, and the importance of the public interest. Iggy's Doughboys, Inc., 729 A.2d at 705. This Court has already noted the substantial public interest in favor of requiring mediation prior to foreclosure.

21

Case Number: PC-2015-1864
Filed in Providence/Bristol County Superior Court
Submitted: 9/2/2015 5:09:01 PM
Envelope: 318314
Reviewer: Alexa Goneconte

Moreover, as already noted, the mediation requirement does not amount to a lengthy delay of foreclosure since the statute makes clear that the mediation conference must take place within sixty days of the mortgagee sending the mediation notice. See § 34-27-3.2(f). Accordingly, equity favors Plaintiffs since if the motion is granted they lose their homes while, if it is not, the respective foreclosure sales are simply delayed and Defendants do not lose their rights in the respective properties. See § 34-27-3.2(m) ("Failure of the mortgagee to comply with the requirements of this section shall render the foreclosure void, without limitation of the right of the mortgagee thereafter to re-exercise its power of sale or other means of foreclosure upon compliance with this section.").

### 4

### Preservation of the Status Quo

Finally, this Court notes "that a restraining order is meant to preserve or restore the status quo and that this status quo is the last peaceable status prior to the controversy." E.M.B. Assocs., Inc. v. Sugarman, 118 R.I. 105, 108, 372 A.2d 508, 509 (1977) (citing 11 Wright & Miller, Federal Practice and Procedure § 2948 at 465 (1973)). Here, as previously explained, granting Plaintiffs' motions would preserve the status quo in that if the motions are not granted, Plaintiffs stand to lose their homes, possibly in violation of the 2014 Statute. Accordingly, in light of the Plaintiffs' likelihood of success on the merits, the irreparable harm that would occur if the foreclosure sales were permitted to go forward, and the clear public interest favoring mediation, this Court finds that granting Plaintiffs' motions properly preserves the status quo.

22

se Number: PC-2015-1864
ed in Providence/Bristol County Superior Court
bmitted: 9/2/2015 5:09:01 PM
velope: 318314
eviewer: Alexa Goneconte

C

### Defendants' Motions to Dismiss

Defendants also move to dismiss Plaintiffs' complaints in the above-captioned cases, primarily for the same reason they presented in opposition to Plaintiffs' requests for injunctive relief; that is, the subject mortgages are exempt from the 2014 Statute because the statute cannot be applied retroactively.

This Court has already rejected Defendants' argument that the 2014 Statute would be applied retroactively to the present mortgages since Defendants did not initiate foreclosure (by sending a notice of sale pursuant to § 34-27-4(b)) until after the effective date of the 2014 Statute. Moreover, this Court has already found that the mediation notice requirement applies to the subject mortgages given the clear mandate of the statute, the fact that the General Assembly specifically removed limiting language from previous versions of the statute, and the statute's broad remedial purpose. As such, Defendants' motions to dismiss are denied.

The Court notes that Defendants make an additional cursory argument that Plaintiffs already had the opportunity to mediate either in bankruptcy proceedings or through local mediation ordinances. In so arguing, Defendants rely on purported facts outside the pleadings.

When this Court considers a motion to dismiss, it may not look to materials outside the pleadings. If the court considers matters outside the pleadings, the motion to dismiss must be converted into a motion for summary judgment with its distinct standard of review. See Super. R. Civ. P. 12(b) ("If on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable

ase Number: PC-2015-1864
ed in Providence/Bristol County Superior Court
ubmitted: 9/2/2015 5:09:01 PM
nvelope: 318314
eviewer: Alexa Goneconte

opportunity to present all material made pertinent to such motion by Rule 56."); see also Bowen Court Assocs. v. Ernst & Young, LLP, 818 A.2d 721, 726 (R.I. 2003). Here, the Court does not consider Defendants' assertions regarding Plaintiffs' previous mediation opportunities in denying the motions to dismiss. Upon review of the pleadings, this Court finds that Plaintiffs' complaints adequately state claims that Defendants violated the 2014 Statute by refusing to send a mediation notice prior to initiating foreclosure. Chhun, 84 A.3d at 422 (stating that in reviewing a motion to dismiss, courts are "'confined to the four corners of the complaint and must assume all allegations are true, resolving any doubts in plaintiff's favor[]'" (quoting Narragansett Elec. Co. v. Minardi, 21 A.3d 274, 278 (R.I. 2011))).

## IV

### Conclusion

In light of the foregoing, Plaintiffs' requests for injunctive relief are granted and Defendants' motions to dismiss are denied. Counsel shall submit an order consistent with this Decision.

24

ase Number: PC-2015-1864
led in Providence/Bristol County Superior Court
ubmitted: 9/2/2015 5:09:01 PM
nvelope: 318314
eviewer: Alexa Goneconte



**RHODE ISLAND SUPERIOR COURT**
*Decision Addendum Sheet*

TITLE OF CASES:

    Fontaine v. US Bank National Association, et al.
    Monteiro v. US Bank, N.A., et al.
    Linares v. US Bank National Association, et al.
    Melgar v. Bank of New York Mellon, et al.
    Pemental v. The Bank of New York Mellon, et al.
    Moorehead v. US Bank National Association, et al.

CASE NOS:

    PC 2015-0216; PC 2015-0777; PC 2014-6141;
    PC 2014-6140; PC 2015-1043; PC 2015-0126

COURT:

    Providence County Superior Court

DATE DECISION FILED:

    May 15, 2015

JUSTICE/MAGISTRATE:

    Van Couyghen, J.

ATTORNEYS:

    For Plaintiff:    John B. Ennis, Esq.

    For Defendant:    John S. McNicholas, Esq.
                        Christine A. Murphy, Esq.
                        David J. Pellegrino, Esq.