UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Kevin Mathews<br>Maryann Mathews<br><br>   Plaintiff<br><br>vs.<br><br>Wells Fargo Bank, N.A., Alias<br>And John Doe, Alias and<br>Orlans Moran PLLC | :<br>:<br>:<br>:<br>:<br>:<br>:   CA. No.: 15-cv-00389-M<br>:<br>:<br>:<br>: |

## ANSWER OF ORLANS MORAN PLLC
## TO PLAINITFFS' AMENDED COMPLAINT

  Now comes the Defendant, Orlans Moran PLLC (hereinafter referred to herein as "Defendant" or "Orlans Moran") and answers Plaintiffs' Amended Complaint as follows:

1.  Orlans Moran admits that Plaintiffs are the record owners of 51-53 Outlook Avenue, East Providence, RI.  Orlans Moran neither admits nor denies that remaining allegations and leaves Plaintiffs to their proof thereof.

2.  Orlans Moran admits the allegation set forth in paragraph 2 of Plaintiffs' Amended Complaint.

3.  The allegations set forth in paragraph 3 of Plaintiffs' Amended Complaint do not relate to Orlans Moran and therefore no response is required.

4.  Orlans Moran admits the allegations set forth in paragraph 4 of Plaintiffs' Amended Complaint.

5.  Orlans Moran admits the allegations set forth in paragraph 5 of Plaintiffs' Amended Complaint to the extent that it was acting as an attorney for Wells Fargo.  Orlans Moran denies all remaining allegations set forth in this paragraph.

6. The allegations set forth in paragraph 6 of Plaintiffs' Amended Complaint are legal conclusions to which no response is required; otherwise Orlans Moran neither admits nor denies the allegation and leaves Plaintiffs to their proof thereof.

7. The allegations set forth in paragraph 7 of Plaintiffs' Amended Complaint are legal conclusions to which no response is required; otherwise Orlans Moran neither admits nor denies the allegation and leaves Plaintiffs to their proof thereof.

8. The allegations set forth in paragraph 8 of Plaintiffs' Amended Complaint are legal conclusions to which no response is required; otherwise Orlans Moran neither admits nor denies the allegation and leaves Plaintiffs to their proof thereof.

9. Orlans Moran denies the allegations set forth in paragraph 9 of Plaintiffs' Amended Complaint

10. In response to the allegations set forth in paragraph 10 of Plaintiffs' Amended Complaint, Orlans Moran denies that such notice was legally required. Orlans Moran admits that a notice of mediation was issued in compliance with East Providence Code of Ordinances Section 4-431 and that a Certificate of Compliance with the Foreclosure Conciliation Process in accordance with said Ordinance was issued by Rhode Island Housing. Orlans Moran admits that no additional notice of mediation was issued in accordance with the provisions of RIGL 34-27-3.2.

11. Orlans Moran admits the allegations set forth in paragraph 11 of Plaintiffs' Amended Complaint to the extent that it was acting as an attorney for Wells Fargo.

12. Orlans Moran denies the allegations set forth in paragraph 12 of Plaintiffs' Amended Complaint.

13. Orlans Moran neither admits nor denies the allegations set forth in paragraph 13 of Plaintiffs' Amended Complaint and leaves Plaintiffs to their proof thereof.

14. Orlans Moran denies the allegations set forth in paragraph 14 of Plaintiffs' Amended Complaint.

15. Orlans Moran admits that it was aware of a decision from Judge Van Couyghen in an unrelated case involving a similar issue. However Orlans Moran denies the relevancy of this allegation since it occurred after the advertisements alleged in paragraph 11 of Plaintiffs' Amended Complaint.

16. Orlans Moran admits that it was aware of Orders entered by the Superior Court in unrelated cases involving a similar issue. However Orlans Moran denies the relevancy of this allegation since it the order did not address the specific facts in this case.

17. Orlans Moran denies the allegations set forth in paragraph 17 of Plaintiff's Amended Complaint.

18. In response to the allegations set forth in paragraph 18, Orlans Moran admits that a temporary restraining order was granted which enjoined a foreclosure sale, but permitted Wells Fargo to continuing to advertise the June foreclosure sale pending further order of the court.

19. Orlans Moran denies the allegations set forth in paragraph 17 of Plaintiff's Amended Complaint.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY ORLANS AND WELLS FARGO**

20. Orlans Moran reaffirms its Answers set forth in paragraph 1-19 of Orlans Moran's Answer to Plaintiffs' Amended Complaint.

21. Orlans Moran neither admits nor denies the allegations set forth in paragraph 21 of Plaintiff's Amended Complaint but leaves Plaintiffs to their proof thereof.

22. Orlans Moran admits the allegations set forth in paragraph 22 of Plaintiffs' Amended Complaint.

23. Orlans Moran neither admits nor denies the allegations set forth in paragraph 23 of Plaintiff's Amended Complaint but leaves Plaintiffs to their proof thereof.

24. Orlans Moran neither admits nor denies the allegations set forth in paragraph 24 of Plaintiff's Amended Complaint but leaves Plaintiffs to their proof thereof.

25. Orlans Moran neither admits nor denies the allegations set forth in paragraph 25 of Plaintiff's Amended Complaint but leaves Plaintiffs to their proof thereof.

26. Orlans Moran neither admits nor denies the allegations set forth in paragraph 26 of Plaintiff's Amended Complaint but leaves Plaintiffs to their proof thereof.

27. Orlans Moran neither admits nor denies the allegations set forth in paragraph 27 of Plaintiff's Amended Complaint but leaves Plaintiffs to their proof thereof.

28. In its capacity as an attorney for creditors, Orlans Moran admits that it has engaged to collect debts on behalf of its clients. Orlans Moran neither admits nor denies the remaining allegations set forth in paragraph 28 of Plaintiff's Amended Complaint.

29. Orlans Moran denies the allegations set forth in paragraph 29 of Plaintiffs' Amended Complaint.

30. Orlans Moran denies the allegations set forth in paragraph 30 of Plaintiffs' Amended Complaint.

31. There is no allegation in paragraph 31 of Plaintiff's Amended Complaint directed to Orlans Moran and therefore no response is required. To the extent that a response is required, Orlans Moran neither admits nor denies the allegations but leaves Plaintiffs to their proof thereof.

32. Orlans Moran denies the allegations set forth in paragraph 32 of Plaintiff's Amended Complaint.

33. There is no allegation in paragraph 33 of Plaintiff's Amended Complaint directed to Orlans Moran and therefore no response is required. To the extent that a response is required, Orlans Moran neither admits nor denies the allegations but leaves Plaintiffs to their proof thereof.

34. Orlans Moran denies the allegations set forth in paragraph 34 of Plaintiff's Amended Complaint.

35. Orlans Moran denies the allegations set forth in paragraph 35 of Plaintiff's Amended Complaint.

36. Orlans Moran neither admits nor denies the allegations set forth in paragraph 36 of Plaintiff's Amended Complaint but leaves Plaintiffs to their proof thereof.

37. Orlans Moran denies the allegations set forth in paragraph 37 of Plaintiff's Amended Complaint.

**COUNT II: COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY DEFENDANT'S FAILURE TO SEND THE PLAINTIFF A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 and 15 U.S.C. 1638**

38. Orlans Moran reaffirms its Answers set forth in paragraph 1-37 of Orlans Moran's Answer to Plaintiffs' Amended Complaint.

39. Orlans Moran denies the allegations set forth in paragraph 39 of Plaintiff's Amended Complaint.

40. Orlans Moran denies the allegations set forth in paragraph 40 of Plaintiff' Amended Complaint.

41. Orlans Moran denies the allegations set forth in paragraph 41 of Plaintiff's Amended Complaint.

42. Orlans Moran denies the allegations set forth in paragraph 42 of Plaintiff's Amended Complaint.

43. Orlans Moran denies the allegations set forth in paragraph 43 of Plaintiff's Amended Complaint.

44. Orlans Moran denies the allegations set forth in paragraph 44 of Plaintiff's Amended Complaint.

45. Orlans Moran denies the allegations set forth in paragraph 45 of Plaintiff's Amended Complaint.

46. Orlans Moran denies the allegations set forth in paragraph 46 of Plaintiff's Amended Complaint.

47. Orlans Moran denies the allegations set forth in paragraph 47 of Plaintiff's Amended Complaint.

48. Orlans Moran denies the allegations set forth in paragraph 48 of Plaintiff's Amended Complaint.

49. Orlans Moran denies the allegations set forth in paragraph 49 of Plaintiff's Amended Complaint.

50. Orlans Moran denies the allegations set forth in paragraph 50 of Plaintiff's Amended Complaint.

**COUNT III VIOLATIONS OF REGULATION X AND REGULATION Z**

51. Orlans Moran reaffirms its Answers set forth in paragraph 1-50 of Orlans Moran's Answer to Plaintiffs' Amended Complaint.

52. Orlans Moran neither admits nor denies the allegations set forth in paragraphs 52-189 of Plaintiffs' Amended Complaint in that said allegations do not relate to Orlans Moran. To the extent that an answer is required, Orlans Moran denies the allegations.

**COUNT IV COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY DEFENDANT'S FAILURE TO IDENTIFY THE OWNER OF THE NOTE AND THE MORTGAGE AND THE MASTER SERVICER FOR THE NOTE AND THE MORTGAGE**

53. Orlans Moran reaffirms the allegations set forth in paragraphs 1-52 of this Answer as if restated herein.

54. Orlans Moran neither admits nor denies the allegations set forth in paragraphs 191-209 of Plaintiffs' Amended Complaint in that said allegations do not relate to Orlans Moran. To the extent that an answer is required, Orlans Moran denies the allegations.

**COUNT V INJUNCTIVE RELIEF**

55. Orlans Moran reaffirms the allegations set forth in paragraphs 1-54 of this Answer as if restated herein.

56. Orlans Moran neither admits nor denies the allegations set forth in paragraph 211 of Plaintiffs' Amended Complaint and leaves Plaintiffs to their proof thereof.

57. The allegations set forth in paragraph 212 of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.  To the extent that a response is required, Orlans Moran neither admits nor denies the allegations.

58. Orlans Moran neither admits nor denies the allegations set forth in paragraph 213 of Plaintiffs' Amended Complaint and leaves Plaintiffs to their proof thereof.

59. The allegations set forth in paragraph 214 of Plaintiffs' Amended Complaint are legal conclusions for which no response is required.  To the extent that a response is required, Orlans Moran neither admits nor denies the allegations.

60. Orlans Moran neither admits nor denies the allegations set forth in paragraph 215 of Plaintiffs' Amended Complaint and leaves Plaintiffs to their proof thereof.

61. Orlans Moran neither admits nor denies the allegations set forth in paragraph 216 of Plaintiffs' Amended Complaint and leaves Plaintiffs to their proof thereof.

62. Orlans Moran neither admits nor denies the allegations set forth in paragraph 217 of Plaintiffs' Amended Complaint and leaves Plaintiffs to their proof thereof.

63. Orlans Moran neither admits nor denies the allegations set forth in paragraph 218 of Plaintiffs' Amended Complaint and leaves Plaintiffs to their proof thereof.

64. Orlans Moran neither admits nor denies the allegations set forth in paragraph 219 of Plaintiffs' Amended Complaint and leaves Plaintiffs to their proof thereof.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense – Plaintiffs' Amended Complaint fails to state a claim upon which relief at law may be granted.

Second Affirmative Defense – Plaintiffs' damages were cause in whole or in part through their own conduct or the conduct of others.

Fourth Affirmative Defense – Plaintiffs lack any privity with Orlans Moran.

Fifth Affirmative Defense – Orlans Moran, as an attorney, was acting as an agent of a known principal.

Sixth Affirmative Defense – There exists a lack of causation between Orlans Moran's alleged conduct and the damages claimed by Plaintiffs.

Seventh Affirmative Defense – Plaintiff's failed to mitigate damages.

WHEREFORE, Orlans Moran requests that this Honorable Court deny the relief requested by the Plaintiff together with such other and further relief as this Honorable Court deems meet and just.

Orlans Moran
By its attorney,

 /s/ Michael R. Hagopian
Michael R. Hagopian, Bar #3448
Orlans Moran PLLC
PO Box 540540
Waltham, MA 02454
781-790-7816
781-790-7801 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 16th day of January, 2016, I filed and served this document through the electronic filing system to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Michael R. Hagopian